IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE:                                          § CASE NUMBER: 18-42230
GEORGE DALE WIGINGTON                           §
dba WYLIE INDUSTRIES                            §
dba WYLIE INVESTMENT GROUP,                     §
*Debtor*                                                CHAPTER 13

_____

                                                §
GEORGE DALE WIGINGTON,                          §
*Plaintiff*                                      §
                                                §
v.                                              §              ADVERSARY NO. 19-04074
                                                §
NATIONSTAR MORTGAGE LLC D/B/A                   §
MR. COOPER,                                     §
*Defendant*                                      §

### UNOPPOSED MOTION TO EXTEND MR. COOPER'S TIME TO RESPOND TO AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Nationstar Mortgage LLC dba Mr. Cooper ("Mr. Cooper") respectfully files this motion

to continue its time to respond to Plaintiff's Amended Complaint (Docket No. 21). Plaintiff does

not oppose this requested continuance.

1.      Pro Se Plaintiff, George Dale Wigington[1] filed his Original Complaint only

against Mr. Cooper. Mr. Cooper timely filed a Motion for More Definite Statement and timely

filed an answer to complaint under Rule 8(b)(3). On November 5, 2019, this Court conducted a

hearing and ordered that Plaintiff file an amended complaint by November 26, 2019. (Minute

entry dated November 5, 2019 & Docket No. 16, Order Granting Motion for a More Definite

_____

[1] Mr. Wigington is an attorney licensed to practice law in the State of Texas, who is representing himself in this adversary complaint.

Statement). The Court also entered an order extending the Rule 26(f) conference date until January 9, 2020,[2] abating initial disclosure deadlines, and resetting the telephonic case management conference to February 6, 2020. (Docket No. 19).

2.     On January 6, 2020, Mr. Wigington filed his Amended Complaint. The complaint adds a new party, Select Portfolio Servicing, Inc. (hereinafter "SPS"), and sets forth additional facts not contained in the Original Complaint.

3.     Procedurally, either Bankruptcy Rule 7012(a), or 7015 and Rule 15(a)(3) applies to the response period. Either way, without further order of the Court, Mr. Cooper's response to the Amended Complaint would be due on January 21, 2020, and SPS' answer would be due on February 10, 2020.

4.     **Cause For Initial Unopposed Extension To File Responsive Pleading.**

   a. Plaintiff's Amended Complaint consists of 160 pages of text and 926 paragraphs plus additional numbered sub-paragraphs, and 87 exhibits.

   b. Many of the allegations pertain to the mortgage servicer on Debtor's account prior to the service transfer to Mr. Cooper.

   c. The Complaint invokes novel applications of state law intertwined with concepts of collateral, equitable, and perhaps judicial estoppel, which need to be carefully analyzed after Mr. Cooper ascertains more facts. Therefore, Mr. Cooper requires more time to determine how much time is reasonable and necessary to prepare an answer to Mr. Wigington's opus.

---

[2] George Wigington and the below counsel commenced their Rule 26(f) conference on January 17, 2020. But, the newly joined Defendant, SPS has no appeared through counsel yet.

    d. Both Mr. Cooper and Select Portfolio Servicing need to determine whether additional parties should be joined, including any prior mortgage servicers or mortgage owners.

5.     **No Prejudice To The Parties.** There would be no prejudice to extending Mr. Cooper's answer date to at least February 5, 2020. Select Portfolio Servicing's response is not due until February 10, 2020, and the telephonic management conference is set for February 6, 2020.

6.     **Agreed Initial Continuance.** Mr. Wigington and undersigned counsel have agreed to extend Mr. Cooper's date to respond to the Amended Complaint until a total of 30 days from the date the Amended Complaint was filed, which would extend the response time initially by 16 days to February 5, 2020. Depending on how quickly Mr. Cooper can obtain prior servicer records and then proceed through Plaintiff's Amended Complaint, Mr. Cooper may require additional response time. In that event, Mr. Cooper would file another motion for continuance after determining whether a longer continuance would be opposed or unopposed by Mr. Wigington.

WHEREFORE, PREMISES CONSIDERED Nationstar Mortgage LLC dba Mr. Cooper respectfully pray that this Court: Enter an order granting an initial agreed continuance of the time for Mr. Cooper to respond to Plaintiff's Amended Complaint to February 5, 2020; and Grant Mr. Cooper such other relief, in equity or at law, to which they may show themselves justly entitled.

Respectfully submitted,

BY: _____

H. Gray Burks, IV
State Bar No. 03418320
SHAPIROSCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile: (847) 879-4854
Email: gburks@logs.com

*Attorney for Nationstar Mortgage, LLC d/b/a Mr. Cooper*

## CERTIFICATE OF CONFERENCE

I certify that on Friday, January 17, 2020, I spoke with pro se plaintiff, George Dale Wigington, regarding an initial agreed continuance for an additional 16 days (which would be a total of 30 days from January 6, 2020) to February 5, 2020.

_____
H. Gray Burks, IV

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020 a true and correct copy of the foregoing was sent as follows to:

George Dale Wigington
2451 Elm Grove Rd.
Wylie, TX 75098
*By email:* dalewig10@verizon.net
**Pro Se Plaintiff**

Yoshie Valadez
McCarthy Holthus, LLP
1255 W. 15th St., Suite 1060
Plano, TX 75075
*By email:* yvaladez@McCarethyHolthus.com

_____
H. Gray Burks, IV