**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-42230 |
| **GEORGE DALE WIGINGTON** | § | |
| dba WYLIE INDUSTRIES | § | CHAPTER 13 |
| dba WYLIE INVESTMENT GROUP, | § | |
| | § | JUDGE BRENDA T. RHOADES |
| Debtor. | § | |
| | | |
| **GEORGE DALE WIGINGTON,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 19-04074 |
| | § | |
| **NATIONSTAR MORTGAGE LLC D/B/A** | § | |
| **MR. COOPER and SELECT PORTFOLIO** | § | |
| **SERVICING, INC,** | § | |
| | § | |
| **Defendant** | § | |

**OBJECTION TO DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S**
**MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR MORE**
**DEFINITE STATEMENT**

TO THE HONORABLE BRENDA T. RHOADES,

COMES NOW GEORGE DALE WIGINGTON, ("Debtor") and files this objection, and in support thereof would show this Court as follows:

**SPS' Request to Dismiss the Amended Complaint in Its Entirety**

1.  Select Portfolio Servicing, Inc ("SPS") states that "The Amended Complaint should be dismissed in its entirety as the Debtor cannot overcome the following issues:" identifying "Ambiguity of the Chapter 11 Plan," "Payments Not Tendered Under Texas Law," and "SPS Not Liable for Discharge Violation."

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

1

2.  The Court should deny SPS' Motion to Dismiss the Amended Complaint in Its Entirety. In the alternative, the Court should allow Debtor to amend his pleadings to correct any deficiencies determined by the Court.

3.  SPS' Motion fails to identify any specific claims which Debtor has failed to adequately plead.

4.  SPS fails to identify how the three "issues" it complains of would cause any of Debtor's claims to fail, much less all of Debtor's claims.

5.  SPS seems to move to dismiss Debtor's Objection to SPS' Proof of Claim, however this Court has recognized that a Proof of Claim is akin to a complaint.  As such, Debtor's objections contained in the Amended Complaint are defenses and are not subject to a 12(b)(6) motion for failure to state a claim upon which relief can be granted.

6.  Despite these deficiencies, Debtor provides the following arguments but reserves the right to amend this objection or to request that the Court require SPS to amend its motion to give Debtor proper notice of SPS' grounds.

Ambiguity of the Chapter 11 Plan

7.  SPS fails to state how ambiguity causes Debtor's claims to fail.

8.  Debtor contends that "except as modified herein" includes modifications in Section 3.32 as well as the other sections of the Plan, such as Section 10.07.

9.  Even if the modification of the payment address in Section 10.07 of the Plan is not controlling, Citimortgage was always the proper payee and the address on the Proof of Claim was always the proper address for the tender of payments.  This is true even for payments made after the Notice of Servicing transfer.  Section 16 of the Deed of Trust states that "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

2

is located. All rights and obligations contained in this Security Instrument are subject are to any requirements and limitations of Applicable Law." (Emphasis Added.) The Deed of Trust provides that "'Applicable Law' means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Bankruptcy Rule 3001(e)(2) states that "If a claim . . . is transferred . . . after the proof of claim is filed, evidence of the transfer shall be filed by the transferee." Rule 3001(e)(2) further provides for the substitution of the transferee for the transferor. A RESPA Notice of Servicing Transfer, at least one that is not filed with the bankruptcy court, does not satisfy the requirements of Rule 3001(e)(2). Nationstar was never substituted for Citimortgage as hold of the claim and attempting to collect the underlying debt outside the bankruptcy proceeding was a violation of the Plan injunction. Nationstar's right to payments under the pre-petition contract was subject to Rule 3001(e)(2) which required them to file a Notice of Transfer of Claim.

10.    SPS states "Therefore, the measure of whether the lien was paid in full should simply be whether the Debtor performed under the terms of the pre-petition contract which the Debtor did not. This statement is incorrect and possibly illustrates why SPS is confused by Debtor's contention that the Note and Deed of Trust are not enforceable standing alone. The Plan does not state that the underlying debt will be paid in accordance with the prepetition contract except as modified herein, the Plan states that the Allowed Secured Claim shall be paid . . . One of Debtor's claims is that SPS is attempting to collect a debt greater than the amount of the Allowed Secured Claim as of the petition date in Debtor's first bankruptcy case. The Plan also stated that the lien was to be retained until the Allowed Secured Claim was paid in full.

Payments Not Tendered Under Texas Law

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

3

11. SPS might be precluded from arguing this point if Debtor prevails on his collateral estoppel and res judicata arguments so any ruling as to the entire Amended Complaint based on this is premature.

12. A bankruptcy plan is not a negotiable instrument under Texas Law. Therefore, payments under the Plan are not subject to Section 3.603 of the Texas Business and Commerce Code.

13. Debtor told Nationstar that he was going to continue to send payments to Citimortgage until a Transfer of Claim was filed. This constituted a request for documentation of the transfer under the Texas Business and Commerce code and validated future payments made to Citimortgage because Nationstar failed to provide the requested documentation.

14. SPS states "Here, the Notice of Servicing Transfer dated 8/29/2016 notified the Debtor and his wife that Nationstar Mortgage would be taking over the servicing of the mortgage loan from CitiMortgage effective 8/16/2016. Therefore as of 8/16/2016, CitiMortgage was no longer the entity entitled to enforce the instrument at hand." The Notice of Servicing Transfer purported to transfer the underlying debt. The Plan injunction prevented the enforcement of the underlying debt. Nationstar's Notice of Servicing Transfer (under RESPA) did not satisfy the requirements of Bankruptcy Rule 3001(e)(2), thus Citimortgage was always the party entitled to enforce the payment obligations under the Plan. Nationstar failed to file a transfer of claim, Nationstar was never substituted for Citimortgage by the Court. As a result, Nationstar held no bankruptcy claim and had no right to any payments under the Plan.

<u>SPS Not Liable for Discharge Violation</u>

15. SPS does not state that the Amended Complaint fails to assert a cognizable legal theory or that the facts asserted are insufficient to support relief under a cognizable legal theory, thus SPS motion on this "Issue" must fail.

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

16. Whether "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order" is a fact issue. One that should be more fully developed in discovery.

17. At minimum, SPS has committed a discharge violation by attempting to collect more than the amount of the allowed secured claim (as of the date of the petition in Debtor's first bankruptcy case.

## SPS' Request to Dismiss Specific Complaints

18. SPS states that "To the extent the Court finds the Amended Complaint against SPS should not be dismissed, there are claims set forth that should be dismissed under FRCP 12(b)(6)" identifying "Deceptive Trade Practices Act" and "Common Law Tort Claims."

19. The Court should deny SPS' Motion to Dismiss the Deceptive Trade Practices Act and Common Law Tort Claims. In the alternative, the Court should allow Debtor to amend his pleadings to correct any deficiencies determined by the Court.

<u>Deceptive Trade Practices Act</u>

20. SPS claims that "the Debtor does not qualify as a consumer under the TDTPA as a matter of law" because the Debtor has failed to show that their primary objective was to acquire goods or services or that allegations regarding such goods or services form the basis of Amended Complaint.

21. Debtor's Amended Complaint states that he obtained the loan for the purpose of purchasing the home for use as his residence.

22. Debtor's Amended Complaint complains that SPS has threatened to take Debtor's home via foreclosure despite not having the legal right to do so. As such, the home, the goods, form the basis of the Amended Complaint.

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

5

Common Law Tort Claims

23. Tort claims are not barred by the economic loss rule simply because a contract imposes a duty that also exists at common law.

24. Debtor identified the common law duty to release liens when a mortgage has been satisfied.

25. Debtor alleged mental anguish and physical suffering caused by SPS supported by factual allegations.

## SPS' Request for More Definite Statement

26. The Debtor mixes and blends SPS with Nationstar and CitiMortgage throughout when making numerous allegations and claims and such allegations and claims are confusing when the Debtor appears to take contradictory positions as discussed hereinabove. Therefore, in order to be able to reasonably respond, SPS is requesting that the Amended Complaint be further amended.

27. A Motion for a More Definite Statement must "point out the defects complained of and the details desired." FRCP Rule 12(e). SPS fails in this regard and the Court should deny SPS' Motion.

28. SPS does not identify any specific mixing or blending of SPS with Nationstar and Citimortgage or explain how any such mixing or blending causes confusion.

29. SPS does not identify any details it desires.

30. The only contradictory position discussed in the Motion was with regard to whether the Note and Deed of Trust are currently enforceable. However, SPS admits in its Motion that the Chapter 11 Plan modifies the terms of the pre-petition contract. Debtor does not contend that the Note and Deed of Trust were unenforceable at the time his Chapter 11 Plan was confirmed.

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

6

Debtor contends that the Chapter 11 Plan, the Note, and the Deed of Trust must be read together to determine the parties' rights and duties subsequent to the confirmation of the Plan.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED Debtor** respectfully prays that this Court:

(a) Deny SPS' Motion;

(b) In the alternative, allow Debtor to amend his pleadings to correct any deficiencies determined by the Court; and

(c) Grant Debtor such other relief, in equity or at law, to which he may show himself justly entitled.

Respectfully submitted,

_/s/ George Dale Wigington_
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

## CERTIFICATE OF SERVICE

I hereby certify that on 4/21/2020 a true and correct copy of the foregoing was served electronically on the parties listed below via CM/ECF:

<u>/s/ George Dale Wigington</u>
George Dale Wigington

<u>COUNSEL FOR DEFENDANT SELECT PORTFOLIO SERVICING, INC.</u>

Yoshie Valadez
1255 West 15th Street Suite 1060
Plano, TX 75075

<u>COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A/ MR. COOPER</u>

H. Gray Burks, IV
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040

Objection to Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss and in the Alternative Motion for More Definite Statement

8