IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NUMBER: 18-42230 |
| GEORGE DALE WIGINGTON § | |
| dba WYLIE INDUSTRIES § | |
| dba WYLIE INVESTMENT GROUP, | |
| *Debtor* | CHAPTER 13 |

| | | |
|---|---|---|
| | § | |
| GEORGE DALE WIGINGTON, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | ADVERSARY NO. 19-04074 |
| | § | |
| NATIONSTAR MORTGAGE LLC D/B/A | § | |
| MR. COOPER and SELECT PORTFOLIO | | |
| SERVICING, INC., | § | |
| *Defendants* | § | |

**MR. COOPER'S RESPONSE TO PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT
[DOCKET NO. 70]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Nationstar Mortgage LLC dba Mr. Cooper ("Mr. Cooper" or "Nationstar") respectfully files this response to Plaintiff's Motion to Alter or Amend Judgement filed by Debtor George Dale Wigington (Docket No. 70).

1. After reviewing Mr. Wigington's Motion, Mr. Cooper stands on its Motion to Dismiss all causes of action filed against Mr. Cooper seeking affirmative relief including damages.

2. The Federal Fair Debt Collection Practices Act cause which is pled only against Select Portfolio Servicing, Inc. ("SPS") should also be dismissed for the reasons set forth in the

1

Court's Opinion. Plaintiff's argument depends on his interpretation of the Chapter 11 plan and his application of the discharge order as previously briefed and argued to this Court.

3. The most significant aspect of Plaintiff's motion to reconsider is that there are no new arguments made by Plaintiff to change or supplement this Court's findings and conclusions based on the Complaint, the motions to dismiss, responses and reply, and extensive oral argument at the lengthy hearing this Court conducted on the motions to dismiss.

4. Plaintiff is simply incorrect when he argues in his motion to alter or amend judgment that the Court's findings and conclusions, and ruling do not cover all of Plaintiff's causes of action. The ruling is that each and every one of Plaintiff's causes of action against all defendants seeking affirmative relief and damages, and each and every cause of action seeking lien avoidance or release against Mr. Cooper or SPS do not satisfy the standard of Rule 12(b)(6) and are therefore dismissed with prejudice to amendment.

5. Additionally, the objection to claim as pled is interwoven with Plaintiff's arguments addressed in the Court's Opinion. Plaintiff was granted leave to file an amended objection to claim as to the calculation of the amounts set forth in the proof of claim by August 24, 2020. He filed a motion to extend that time by seven days to August 31, 2020 and has failed to file an amendment to date. Therefore, the objection to claim should be dismissed for failure to comply with this Court's order and this adversary should be closed.

6. Nationstar addresses whether the following two points raised by Plaintiff require any supplemental findings or conclusions.

7. **<u>Plaintiff's breach of contract cause of action.</u>** (Docket 21, Complaint, ¶¶ 632-725). Plaintiff bases his breach of contract claim on his interpretation of the Chapter 11 plan, concluding that, "Because no actual default ever existed, or was cured on or before March 7,

2017 if it did exist, each of Nationstar's subsequent acts to accelerate the debt three times, and to post the property for foreclosure sale three times were in violation of Section 22 of the Deed of Trust." (Docket 21, Complaint, ¶ 642). Buried in the breach of contract claim is also Plaintiff's allegations that Nationstar breached Section 22 of the Deed of Trust by noticing the first noticed sale to occur in Collin County, by providing a 19-day notice of sale in its second notice of sale and by improperly appointing a substitute trustee in the first and second notices of foreclosure. (Docket 21, Complaint, ¶ 644). These allegations do not raise to the level of a well pled cause of action under the requirements of Rule 12(b)(6). To the extent this Court determines any further finding is required as to these allegations, Mr. Cooper suggests a conclusion that:

> Paragraph 22 of the deed of trust is not invoked because at the time of notices, Plaintiff had breached the contract, and Plaintiff pleads that the property was not foreclosed. Therefore, Plaintiff has not pled that due to the alleged insufficient notices there were any damages sustained by the Plaintiff. Cf. *Wells Fargo Bank, N.A. v. Robinson*, 2012 Tex. App. LEXIS 10280 *10 (Tex. App. – Dallas, Dec. 11, 2012); *see also Wiggington v. The Bank of N.Y. Mellon*, 488 Fed. Appx. 868; 2012 U.S. App. LEXIS 19379 (5th Cir. 2012).

(See Docket No. 49, Mr. Cooper's Rule 12(b)(6) motion, ¶ 31).

8. **Notice of a Discharge Order.** Plaintiff quarrels with this Court's finding that "Notably, Nationstar was never served with the two key documents that were the predecessors for the discharge order in this case – the Post-Confirmation Report and the Notice of Intent to Enter Discharge – and Nationstar did not receive the discharge order." (Docket 65, Memorandum Opinion, footnote 4). Mr. Wigington counters that in his Complaint: "Debtor alleged that he informed Nationstar's counsel of the discharge in January 2018 in discovery." (Docket No. 70, Motion to Reconsider, ¶ 32). This argument supports, rather than contradicts, this Court's finding. Plaintiff does not contest that after he reopened his Chapter 11 case, he did not amend his mailing matrix to include the address pursuant to the transfer notices he received

3

from CitiMortgage and Mr. Cooper after the case was reopened. He filed his notice of plan completion and his post-confirmation report on November 1, 2017 (Plaintiff's Exhibits 11 & 12), and the Court docketed a notice of intent to issue discharge on November 1, 2017 (Plaintiff's Exhibit 13) and entered the discharge order on December 1, 2017 (Plaintiff's Exhibit 14). Thereafter, Mr. Cooper filed a request for notices (which would not have resulted in receiving the prior docketed documents) and Plaintiff alleges that more than one month after entry of the discharge order he notified Nationstar of the discharge order in responses to discovery.

9. Moreover, notice of the discharge order is not dispositive of whether the Chapter 11 discharge order supports Mr. Wigington's claims. It is the effect of the plain terms of the discharge order together with the standard form "Explanation of Bankruptcy Discharge and Individual Chapter 11 Case" contained in the order that warrants dismissal of Mr. Wigington's claims which are based on that discharge order. An in rem claim is simply distinct from an in personam claim.

WHEREFORE, PREMISES CONSIDERED Nationstar Mortgage LLC dba Mr. Cooper respectfully pray that this Court:

(A) Deny Plaintiff's Motion to Vacate this Court's Order and Memorandum Opinion and to enter an order denying the Rule 12(b)(6) motions;

(B) Supplement its Memorandum Opinion with any further findings which the Court deems necessary, if any;

(C) Close this Adversary Proceeding; and

(D) Grant Mr. Cooper such other relief, in equity or at law, to which they may show themselves justly entitled.

Respectfully submitted,

BY: _/s/ H. Gray Burks, IV_
H. Gray Burks, IV
State Bar No. 03418320
SHAPIROSCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile: (847) 879-4854
Email:  gburks@logs.com

*Attorney for Nationstar Mortgage, LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020 a true and correct copy of the foregoing was sent as follows to:

George Dale Wigington
2451 Elm Grove Rd.
Wylie, TX 75098
*By email:* dalewig10@verizon.net
*& ECF/CM Delivery*
**Pro Se Plaintiff**

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th St., Suite 1060
Plano, TX 75075
*By email:* yvaladez@McCarthyHolthus.com
*& ECF/CM Delivery*
***Attorney for Select Portfolio Servicing, Inc.***

_/s/ H. Gray Burks, IV_
H. Gray Burks, IV