*McCarthy & Holthus, LLP*
Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax: (214) 291-3801*
*ATTORNEYS FOR DEFENDANT SPS*
*TX-19-21541*

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**GEORGE DALE WIGINGTON**<br>**2451 ELM GROVE ROAD**<br>**WYLIE, TX 75098**<br>**SSN: XXX-XX-4787**<br>**DEBTOR(S)** | § | **CASE NO. 18-42230**<br><br>**CHAPTER 13**<br><br>**A.P. CASE NO. 19-04074** |
| **GEORGE DALE WIGINGTON**<br><br>**PLAINTIFF**<br><br>**VS.**<br><br>**NATIONSTAR MORTGAGE LLC**<br>**DBA MR. COOPER AND**<br>**SELECT PORTFOLIO SERVICING, INC.,**<br>**DEFENDANTS** | § | |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS SECOND AMENDED OBJECTION TO PROOF OF CLAIM 4-1 OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; ACTION TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF LIEN; AND COMPLAINT**

***21-DAY NEGATIVE NOTICE - L.B.R. 9007(a)***

***YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.***

***NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ETNER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.***

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Defendant SELECT PORTFOLIO SERVICING, INC. (referred to herein as "SPS"), by and through its counsel, and hereby move, pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss the Second Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint filed on 9/15/2020 (Docket No. 76) (the "Second Amended Complaint") filed by debtor and plaintiff George Dale Wigington ("Debtor") as to any and all remaining claims asserted against SPS and the subject secured claim filed by Nationstar Mortgage LLC in the Debtor's underlying chapter 13 bankruptcy case and subsequently assigned to SPS. In support thereof, SPS respectfully states to the Court as follows:

## I. BRIEF BACKGROUND AND FACTS[1]

1. A mortgage loan (the "Mortgage Loan") arose from a Promissory Note dated 12/29/2004 executed by George Dale Wigington and Teresa Lynn Wigington in the original principal amount of $216,000.00 in favor of ABN AMRO MORTGAGE GROUP, INC., A DELAWARE

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, SPS respectfully request that the Court take judicial notice of the case docket and all pleadings and documents filed in the Debtor's prior chapter 11 case, Case No. 11-41092, the Debtor's current chapter 13 case, Case No. 18-42230 and the within adversary proceeding, A.P. Case No. 19-04074.

CORPORATION which obligation was secured by a duly recorded Deed of Trust of even date. This mortgage lien, which was created and still remains, despite Debtor's allegations to the contrary, encumbers the Debtor's residence located at 2451 Elm Grove Rd, Wylie, TX 75098 (the "Property").

2. On 4/4/2011, the Debtor and Teresa L. Wigington filed a voluntary petition under Chapter 13 of the Bankruptcy Code thereby initiating Case No. 11-41092 which was later converted to a chapter 11 case on 4/12/2012 (the "Prior Chapter 11 Case"). An order discharging both the Debtor and Teresa L. Wigington was entered on 12/15/2017.

3. On 10/2/2018, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, thereby initiating the underlying bankruptcy case currently before this Court, Case Number 18-42230 (the "Current Case"). Carey D. Ebert is the duly appointed and acting trustee. In the Current Case, the Debtor filed a chapter 13 plan on 11/5/2018 (Docket No. 15) and such plan was confirmed by order entered on 4/22/2019 (Docket No. 30). In the Current Case, defendant Nationstar Mortgage, LLC dba Mr. Cooper (referred to herein as "Nationstar" or "Mr. Cooper") filed a Proof of Claim No. 4-1 on 11/7/2018 asserting a total secured claim of $134,203.89 with a pre-petition arrearage of $50,289.16 (the "Proof of Claim").

4. The Debtor initiated the within adversary proceeding by filing an Original Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint against Nationstar on 8/23/2019 in the Current Case (Docket 38) (the "Original Complaint"). SPS took over the servicing of the Mortgage Loan from Nationstar on 10/1/2019. Accordingly, SPS filed a Notice of Transfer of Claim as to Proof of Claim Number 4-1 on 10/23/2019 (Docket No. 41) in the Current Case.

5. The Debtor proceeded with the Original Complaint against Nationstar for several months until the Court entered an Order Granting Nationstar's Motion for More Definite Statement

(Docket No. 16) (the "Prior Order for More Definite Statement") directing the Debtor to file an amended complaint no later than 11/26/2019. On 1/6/2020, without first seeking leave to amend the Prior Order for More Definite Statement to extend the filing deadline, the Debtor filed Plaintiff's First Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint (the "First Amended Complaint") this time naming both Nationstar and SPS as defendants. The First Amended Complaint, which was voluminous similar to the Original Complaint, spans 160 pages and include 927 numbered paragraphs and 86 numbered exhibits.

6. On 3/30/2020 and 4/29/2020, SPS and Nationstar filed their respective motions to dismiss the First Amended Complaint (Docket Nos. 34 and 49) (the "Prior Motions to Dimiss"). On 4/21/2020 and 6/1/2020, the Debtor filed his objections to the SPS and Nationstar motions to dismiss (Docket Nos. 45 and 62).

7. On 8/10/2020, this Court entered its Memorandum Opinion at Docket No. 65 whereby it ordered that each of the Prior Motions to Dismiss were granted and "that each and every cause of action seeking affirmative relief and damages, and each and every cause of action seeking lien avoidance or release, in the Debtor's First Amended Complaint be dismissed" pursuant to FRCP 12(b)(6) . Further, this Court ordered that by 8/24/2020, the Debtor shall file an amended objection to the Proof of Claim filed by Nationstar and assigned to SPS setting forth any objections to the calculation of the amount of the claim.

8. On 8/13/2020, the Court entered its Scheduling Order Arising from Management Conference and set the trial setting conference in this adversary proceeding as Debtor indicated he would be filing his amended objection to claim by 8/24/2020.

9. Instead, on 8/24/2020, the Debtor filed a Motion to Amend or Alter Judgment and Motion for Extension of Time to File Amended Objection of Claim (Docket Nos. 69 and 79).

10. On 9/14/2020, after a hearing was held on the Debtor's motions, the Court entered its orders extending the Debtor's deadline to 9/15/2020 to file an amended objection to claim as to calculation of the amount and to allow Debtor to further amend its complaint against Nationstar for any causes of action limited to allegations regarding noticing acceleration, noticing foreclosure sales or appointing or noticing appointment of substitute trustees in violation of the note or deed of trust or applicable law. In all other respects the Memorandum Opinion entered on 8/10/2020 remain unaltered.

## II. ARGUMENTS AND AUTHORITIES

### A. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure, permits a party to file a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do" *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 679. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.s filing the Second Amended* , 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

By filing the Second Amended Complaint, the Debtor states he is not only amending to comply with the Amended Judgment but also to preserve his right to appeal the dismissal of his claims. As such, the Debtor also adopts and incorporates his prior pleadings in their entirety including each and every exhibit filed therein. SPS objects to the extent the Debtor seeks to include claims that have already been disposed of by the Court's Memorandum Order of 8/10/2020 and the Amended Judgment entered 9/14/2020.

III. AMENDMENTS TO OBJECTION TO CLAIM

Pursuant to Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with these rules constitutes *prima facie* evidence of the validity of the amount of the claim. Therefore, the Debtor bears the initial burden when objecting to the proof of claim.

First, the Debtor disputes the principal balance of $113,195.77 and the interest accrued of $10,407.29 which are listed on the Proof of Claim filed by Nationstar in the Current Case. The Debtor believes the principal balance should instead be $98,992.75 and the accrued interest through the Petition Date in the Current Case should be $9,088.08. As support, the Debtor produces his own amortization schedule at Debtor's Exhibit 88 based on an unpaid principal balance of $158,872.03 at 5% contractual interest rate and the application of all payments made through the 12/1/2016 payment. The Debtor states the principal balance of $158,872.03 is established in Proof of Claim Number 28-1 which was the claim filed by Citimortgage in the Prior Chapter 11 Case. However, Proof of Claim Number 28-1 lists a principal balance of $167,453.92. Therefore, it is unclear how the Debtor arrived at this calculations for the principal balance and accrued interest.

Second, the Debtor disputes the fees and costs on the Proof of Claim in the amount of $3,278.02 (out of the $3,443.02 total due) as unreasonable and unnecessary. These disputed fees and costs consist of Nationstar's foreclosure expenses during the period 8/30/2017 through 9/27/2018 as set forth on Debtor's Exhibit 89. Since these are Nationstar's foreclosure fees and costs and the Debtor has raised claims against Nationstar in the Second Amended Complaint that may have a bearing on whether such fees may be charged, SPS will defer to Nationstar and join in any objection or dispositive motion filed by Nationstar.

Third, in paragraphs 12 through 14 of the Second Amended Complaint, the Debtor appears to be adding allegations and raising affirmative defenses to the extent allowed. These do not address the calculation of the claim.

## IV. AMENDMENTS TO COMPLAINT

Paragraphs 15 through 18 serve as Debtor's attempt to further amend his complaint to assert causes of action against Nationstar regarding noticing acceleration, noticing foreclosure sales or appointing or noticing appointment of substitute trustees in violation of the note or deed of trust or applicable law. As these are causes of action asserted against Nationstar, SPS will defer to

Nationstar and join in any objection or dispositive motion filed by Nationstar as to these amendments to the complaint.

## III. PRAYER FOR RELIEF

WHEREFORE based on the foregoing, SPS respectfully request this Court enter an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, as follows:

1. Dismiss the Second Amended Complaint and all claims therein against SPS;
2. Allow the Proof of Claim filed by Nationstar and assigned to SPS in full as filed; and
3. For all other relief as the Court deems just and necessary.

Dated: 10/15/2020

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

*/s/ Yoshie Valadez*

Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-19-21541
ATTORNEYS FOR DEFENDANT SPS

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Second Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien and Complaint was electronically served on the parties listed below via CM/ECF on 10/15/2020:

PLAINTIFF/DEBTOR

George Dale Wigington
2451 Elm Grove Rd
Wylie, TX 75098

COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A/ MR. COOPER

H. Gray Burks, IV
Shapiro Schwartz LLP
13105 Northwest Freeway, Suite 1200
Suite 307
Houston, TX 77040

MCCARTHY & HOLTHUS, LLP

*/s/ Yoshie Valadez*
Yoshie Valadez
Atty file no.: TX-19-21541