**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **GEORGE DALE WIGINGTON** | § | **CASE NO. 18-42230** |
| *dba* **WYLIE INDUSTRIES** | § | |
| *dba* **WYLIE INVESTMENT GROUP,** | § | **CHAPTER 13** |
| *Debtor* | § | |

_____

| | | |
|---|---|---|
| **GEORGE DALE WIGINGTON** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 19-04074** |
| | § | |
| **NATIONSTAR MORTGAGE LLC** | § | |
| **DBA MR. COOPER and SELECT** | § | |
| **PORTFOLIO SERVICING, INC** | § | |
| *Defendants* | § | |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**
**AND DISPOSITIVE MOTION DEADLINE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff George Wigington ("Plaintiff") respectfully submits Plaintiff's Motion to Extend

Discovery Deadline and Dispositive Motion Deadline, such that the Scheduling Order in this

case is modified to reflect a 90-day extension of the discovery cutoff, until February 28, 2021, as

well as a 91-day extension of the dispositive motion deadline, until March 22, 2021.

**RELEVANT HISTORY**

1.      On August 10, 2020, the Court entered a Memorandum Opinion [DOC 65] dismissing

"each and every cause of action seeking affirmative relief and damages, and each and every

cause of action seeking lien avoidance or release. . . against Nationstar and SPS" leaving only

Plaintiff's objection to claim pending.

2.      The Court entered an Order Arising from Management Conference [DOC 67] on August

13, 2020 setting the Discovery Deadline as November 30, 2020 and providing that the deadline

for dispositive motions was twenty-one days after the discovery deadline.

3.      On September 14, 2020, the Court entered an Amended Judgment [DOC 70] reinstating

"any causes of action limited to allegations regarding noticing acceleration, noticing foreclosure

sales, or appointing or noticing appointment of substitute trustees in violation of the note or deed

of trust, or applicable law."

4.      Plaintiff served requests for production and interrogatories on counsel for Nationstar and

SPS on October 31, 2020 by email.

5.      SPS served a response on Plaintiff on November 28, 2020 by mail objecting, inter alia,

that the discovery requests were "untimely and not properly served."

## STANDARD FOR EXTENSION OF DISCOVERY DEADLINE

6.      FED. R. CIV. P. 16(b)(4) provides that a scheduling order may only be modified "for

good cause and with the judge's consent." The United States Court of Appeals for the Fifth

Circuit has explained  there are four factors in determining whether to allow a scheduling

modification for good cause under Rule 16(b): (1) the explanation for the failure to complete

discovery on time, (2) the importance of the amendment to the scheduling order, (3) the potential

prejudice in allowing the amendment, and (4) the availability of a continuance to cure such

prejudice. See *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012).

## ARGUMENT

**Reason for Incomplete Discovery**

7.      At the time of the management conference on August 13, 2020 the only pending cause of

action was the objection to claim because all affirmative relief claims had been dismissed.  As a

result, Plaintiff request only three months for discovery. The reinstatement of claims against

Nationstar necessitates depositions which can only be scheduled after Plaintiff learns the identity

of relevant witnesses who handled Plaintiff's mortgage account within Nationstar. Plaintiff

would have requested six months for discovery is the affirmative relief claims were pending at

the time of the conference hearing. Notably, Nationstar was not present or represented at the

conference hearing.

8.      The discovery objections raised by SPS are based on the fact that the time stamp on the

email to SPS' attorney was minutes after midnight leading to a discovery request made twenty-

nine days before the deadline. However, the discovery request is served when it is sent which

was at 11:58 p.m. on October 31, 2020 based on the time stamp on the outgoing email.

9.      The second discovery objection raised by SPS is based on a claim that service by email

on SPS' counsel was improper due to lack of consent to service by electronic means. However,

local rule 9013(h) authorizes "upon another party by electronic means that are consistent

with technical standards established by the Judicial Conference of the United States and

are in compliance with the *Administrative Procedures for the Filing, Signing, and*

*Verifying of Documents by Electronic Means* as set forth in *TXEB Appendix 5005."* The

rule states that the "transmission facilities of the Court may be utilized to accomplish

such service," but does not limit the electronic means to only the Court's transmission

facilities. This is consistent with District Court Local Rule CV-5 (d) which provides that

"Except with regard to *pro se* litigants that have not consented in writing to receiving

service by electronic means, parties may serve copies of pleadings and other case related

documents to other parties by facsimile or electronic means in lieu of service and notice

by mail." In addition, attorneys consent to service by electronic means when they

register for CM/ECF in both the district court and the bankruptcy court.

10.     The objections to discovery themselves require Plaintiff to request an extension to the

discovery deadline to enable the Court to decide Plaintiff's Motion to Compel which will be filed

as soon as possible.

**Importance**

11.     The pending discovery requests critical to Plaintiff's causes of action and to the objection

to claim.  In fact, some of the documents such as the transaction history are required for SPS to

prove its claim.  The additional discovery is important because it relates to the revived causes of

action including knowledge and state of mind of Nationstar personnel related to those affirmative

claims for relief.

**Potential Prejudice**

12.     Defendants have not conducted any discovery or responded in good faith to any

discovery requests.  There is no prejudice in simply being required to respond to discovery

requests once.  Defendants will not have to perform any additional discovery beyond that

normally expected in a case such as this.

**Availability of Continuance**

13.     No trial date has been established, therefore a continuance is available per se.

**CONCLUSION**

14.     In conclusion, for the foregoing reasons, Plaintiff has shown good cause for and

respectfully requests that the Court grant this motion and extend the discovery deadline 90-days

to February 28, 2021 and the dispositive motion deadline for 91-days to March 22, 2021.

15.     In the alternative, Plaintiff requests that the Court extend the discovery deadline as

required to enable Plaintiff to cure any defects found in the service of propounded discovery

requests and that the dispositive motion deadline be similarly extended.

16.     Finally, Plaintiff request such other relief, in equity or at law, to which he may show

himself justly entitled.

Dated: <u>November 30, 2020</u>

Respectfully submitted,

_/s/ George Dale Wigington_
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, a true and correct copy of the foregoing was served
on the following by e-mail and CM/ECF.

/s/ George Dale Wigington
George Dale Wigington

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th St., Suite 1060
Plano, TX 75075
*By email:* yvaladez@McCarthyHolthus.com
***Attorney for Select Portfolio Servicing, Inc***

H. Gray Burks, IV
ShapiroSwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
*By email: gburks@logs.com*
***Attorney for Nationstar Mortgage, LLC***