*McCarthy & Holthus, LLP*
Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax:    (214) 291-3801*
*ATTORNEYS FOR DEFENDANT SPS*
*TX-19-21541*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-42230 |
| GEORGE DALE WIGINGTON | § | |
| 2451 ELM GROVE ROAD | § | CHAPTER 13 |
| WYLIE, TX 75098 | § | |
| SSN: XXX-XX-4787 | § | |
| DEBTOR(S) | § | A.P. CASE NO. 19-04074 |
| | § | |
| GEORGE DALE WIGINGTON | § | |
| PLAINTIFF | § | |
| VS. | § | |
| NATIONSTAR MORTGAGE LLC | § | |
| DBA MR. COOPER AND | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| DEFENDANTS | § | |

**OBJECTION TO PLAINTIFF'S MOTION TO EXTEND
DISCOVERY DEADLINE AND DISPOSITIVE MOTION DEADLINE**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Defendant SELECT PORTFOLIO SERVICING, INC. (referred to herein as "SPS"), by and through its counsel, and hereby objects to the Plaintiff's Motion to Extend Discovery Deadline and Dispositive Motion Deadline ("Motion to Extend") filed on 11/30/2020 at Docket Number 84 by debtor and plaintiff George Dale Wigington ("Plaintiff"). In the Motion to Extend, Plaintiff requests an extension of the 11/30/2020 discovery deadline to

1

2/28/2021 and an extension of the 12/21/2020 dispositive motion deadline to 3/22/2021 or alternatively an extension of the discovery and dispositive motion deadlines to allow Plaintiff to cure any defects found in the service of propounded discovery. In support thereof, SPS respectfully states to the Court as follows:

## I. BRIEF BACKGROUND AND FACTS[1]

1.  On 8/10/2020, this Court entered its Memorandum Opinion (Docket No. 65) in which it granted the motions to dismiss filed by defendants SPS and Nationstar d/b/a Mr. Cooper (also referred to herein as "Nationstar") at Docket Numbers 34 and 49 respectively as to Plaintiff's First Amended Complaint filed on 1/6/2020 (Docket No. 21) and ordered the dismissal pursuant to FRCP 12(b)(6) of "each and every cause of action seeking affirmative relief and damages, and each and every cause of action seeking lien avoidance or release" therein. This Court further ordered that by 8/24/2020, Plaintiff shall file a second amended objection to Proof of Claim No. 4 filed on 11/7/2018 by Nationstar and thereafter assigned to SPS (the "Proof of Claim"), which sets forth any objections he may have as to the calculation of the claim amount.

2.  On 8/13/2020, Plaintiff and counsel for SPS appeared at the Management Conference for the within adversary proceeding. Based on representations of the parties at the Management Conference, the Court entered its Scheduling Order on 8/13/2020 (Docket Number 67) ("Scheduling Order") setting the discovery deadline as 11/30/2020, dispositive motion deadline as 12/21/2020 and trial setting telephonic conference for 1/7/2021 at 9:29 a.m.

3.  On 8/24/2020, Plaintiff filed a Motion to Amend or Alter Judgment and Motion for Extension of Time to File Amended Objection of Claim (Docket Nos. 69 and 70). On 9/8/2020, Nationstar filed an objection to both of Plaintiff's motions and a hearing on both motions was held

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, SPS respectfully request that the Court take judicial notice of the case docket and all pleadings and documents filed in this adversary proceeding, A.P. Case No. 19-04074.

2

on 9/8/2020.

4.     On 9/14/2020, the Court entered its order at Docket Number 74 extending Plaintiff's deadline to file a second amended objection to the Proof of Claim to 9/15/2020 and its amended judgment at Docket Number 75 ("Amended Judgment") allowing Plaintiff to further amend its complaint against Nationstar for certain causes of action. In all other respects the Memorandum Opinion entered on 8/10/2020 remains unaltered.

5.     On 9/15/2020, Plaintiff filed his Second Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint at Docket No. 76 (the "Second Amended Complaint").

6.     On 10/15/2020, SPS and Nationstar filed their motions to dismiss at Docket Numbers 79 and 80 respectively and Nationstar also filed its motion for more definite statement at Docket Number 81 as to the Second Amended Complaint. The Court scheduled a hearing on these motions for 12/1/2020.

7.     Plaintiff served discovery requests on counsel for SPS by attaching them to an email. The email sent to counsel for SPS is date-stamped Sunday, 11/1/2020 making SPS's responses to discovery due on 12/1/2020 after the discovery deadline. Plaintiff did not obtain written consent prior to electronically serving his discovery requests on SPS's counsel. Plaintiff states such consent is not required or consent was waived as counsel for SPS is an authorized CM/ECF user with the Court. On 11/28/2020, SPS mail served its responses to Plaintiff's discovery requests whereby it objected to Plaintiff's discovery requests as untimely and improperly served.

8.     On 11/30/2020, more than 3 weeks after the deadline to object under Local Bankruptcy Rule 9007(a) and one day prior to the hearing, Plaintiff filed his objections to the motions to dismiss filed by SPS and Nationstar at Docket Numbers 88 and 89 respectively and

objection to Nationstar's motion for more definite statement at Docket Number 90. On 11/30/2020, Plaintiff also filed this Motion to Extend at Docket Number 84.

9. On 12/1/2020, the Court heard the said motions to dismiss and motion for more definite statement. By order entered on 12/11/2020 at Docket Number 91, the Court dismissed the Second Amended Complaint without prejudice to amendment and set a deadline of 12/15/2020 for Plaintiff to file a third amended complaint ("Third Amended Complaint") consistent with this Court's Memorandum Opinion entered 8/10/2020 and this Court's Amended Judgment entered 9/14/2020. On 12/15/2020, Plaintiff filed the Third Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; And Complaint at Docket No. 93 (the "Third Amended Complaint"). The Third Amended Complaint contains 397 numbered paragraphs and covers approximately 77 pages.

## II. ARGUMENTS

10. Pursuant to Local Rule of Bankruptcy Procedure 7016-1(b), the scheduling order shall control the course of the adversary proceeding and Court approval is needed to amend it. Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure, the scheduling order may be modified upon good cause shown. The focus of the "good cause" standard is on the diligence of the moving party seeking to modify the scheduling order. *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *2 (N.D. Tex. August 7, 2015) *quoting Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009). Movant's mere inadvertence and the absence of prejudice to non-movant are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (*citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The moving party must show that he could not have reasonably met the scheduling deadline despite his diligence. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., Federal Practice & Procedure, § 1522.1 at 231 (2d ed.1990)); S*w. Bell*

*Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (*citing* S & W Enters., 315 F.3d at 535).

11. Here, Plaintiff waited until the 11/30/2020 discovery deadline to file this Motion to Extend. Plaintiff's reasons for needing an extension are reinstatement of certain claims against Nationstar which occurred with the entry of the Amended Judgment on 9/14/2020 and SPS's objections of untimeliness and improper service in response to Plaintiff's discovery requests. As set forth below, neither reason amounts to good cause for modify the Scheduling Order in this adversary proceeding. Plaintiff cannot show that he could not have reasonably met the discovery deadline despite his diligence.

12. First, Plaintiff knew as early as 9/8/2020 at the hearing on his Motion to Amend or Alter Judgment and Motion for Extension of Time to File Amended Objection of Claim (Docket Nos. 69 and 70) of the reinstatement of claims against Nationstar. Good cause cannot reasonably be shown when Plaintiff waited almost 12 weeks to file the Motion to Extend and almost 8 weeks to send out any discovery requests in this case. Further, the Motion to Extend does not reference any attempt by Plaintiff to reach out to counsel for SPS to discuss his need to extend the discovery deadline in the Scheduling Order.

13. Second, pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), as made applicable to the within adversary proceeding by Federal Rule of Bankruptcy Procedure 7034, the deadline to respond to discovery requests is 30 days after service. Therefore, SPS's deadline to respond to Plaintiff's discovery was outside the discovery deadline in this case. SPS's deadline to respond to discovery was a function of when Plaintiff decided to serve discovery and Plaintiff opted to wait to serve it.

14. In addition, Plaintiff failed to get written consent prior to electronically serving the discovery requests on SPS's counsel. Federal Rules of Civil Procedure 5(b)(2)(E) states a paper is served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Here, discovery requests were not filed with the Court and in fact, Local Rule of Bankruptcy Procedure 7016-1(a) specifically prohibits the filing of discovery in adversary proceedings. Therefore, by emailing it to SPS's counsel, Plaintiff used "other electronic means" by which to serve his discovery requests and failure to get written consent by SPS's counsel amounted to improper service.

WHEREFORE based on the foregoing, SPS respectfully request this Court enter an Order denying the Motion to Extend and finding that Plaintiff failed to show good cause for modifying the Scheduling Order as to discovery in this adversary proceeding and for any other relief as the Court deems just and necessary.

Dated: 12/21/2020

Respectfully submitted,

MCCARTHY & HOLTHUS, LLP

*/s/ Yoshie Valadez*
Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-19-21541
ATTORNEYS FOR DEFENDANT SPS

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing Objection was served on the parties listed below electronically via CM/ECF on 12/21/2020:

PLAINTIFF/DEBTOR

George Dale Wigington
2451 Elm Grove Rd
Wylie, TX 75098


COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A/ MR. COOPER

H. Gray Burks, IV
Shapiro Schwartz LLP
13105 Northwest Freeway, Suite 1200
Suite 307
Houston, TX 77040


MCCARTHY & HOLTHUS, LLP

_/s/ Yoshie Valadez_____
Yoshie Valadez
Atty file no.: TX-19-21541