*McCarthy & Holthus, LLP*
Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax:      (214) 291-3801*
*ATTORNEYS FOR DEFENDANT SPS*
*TX-19-21541*

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE:<br>**GEORGE DALE WIGINGTON**<br>**2451 ELM GROVE ROAD WYLIE,**<br>**TX 75098**<br>**SSN: XXX-XX-4787**<br>          **DEBTOR(S)**<br><br>**GEORGE DALE WIGINGTON**<br><br>     **PLAINTIFF**<br><br>**VS.**<br><br>**NATIONSTAR MORTGAGE LLC DBA**<br>**MR. COOPER AND**<br>**SELECT PORTFOLIO SERVICING, INC.,**<br>     **DEFENDANTS** | § §§§§§§§§§§§§§§§§ | **CASE NO. 18-42230**<br><br>**CHAPTER 13**<br><br><br>**A.P. CASE NO. 19-04074** |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS**
**THIRD AMENDED OBJECTION TO PROOF OF CLAIM 4-1 OF NATIONSTAR**
**MORTGAGE LLC D/B/A MR. COOPER: AND COMPLAINT AND UNDERLYING**
**ADVERSARY PROCEEDING**

21-*DAY NEGATIVE NOTICE - L.B.R. 9007(a)*

*YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING.*
*YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR*
*ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE*
*RELIEF SOUGHT BY THIS PLEADING, YOU* **MUST** *FILE A WRITTEN OBJECTION,*
*EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.*

*NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ETNER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.*

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Defendant SELECT PORTFOLIO SERVICING, INC. (referred to herein as "SPS"), by and through its counsel, and hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss the Third Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; and Complaint filed on 12/15/2020 (Docket No. 93) (the "Third Amended Complaint") by debtor and plaintiff George Dale Wigington ("Plaintiff") as to any and all claims asserted against SPS and the underlying adversary proceeding and to allow in full the secured claim filed by Nationstar Mortgage LLC d/b/a Mr. Cooper in Plaintiff's chapter 13 case and thereafter assigned to SPS. In support thereof, SPS respectfully states as follows:

## I. BRIEF BACKGROUND AND FACTS[1]

1. The Court is well versed on the facts of this case. SPS is providing them again to show Plaintiff's unreasonable delay and repeated disregard of orders and deadlines imposed by this Court which merit not only a dismissal of the Third Amended Complaint but of the adversary proceeding.

2. A mortgage loan (the "Mortgage Loan") arose from a Promissory Note dated 12/29/2004 executed by George Dale Wigington and Teresa Lynn Wigington in the original principal amount of $216,000.00 in favor of ABN AMRO MORTGAGE GROUP, INC., A DELAWARE

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, SPS respectfully request that the Court take judicial notice of the case docket and all pleadings and documents filed in Plaintiff's prior chapter 11 case, Case No. 11-41092, current chapter 13 case, Case No. 18-42230 and this adversary proceeding, A.P. Case No. 19-04074.

CORPORATION which obligation was secured by a duly recorded Deed of Trust of even date. This mortgage lien, which was created and still remains, despite Plaintiff's allegations to the contrary, encumbers Plaintiff's residence located at 2451 Elm Grove Rd, Wylie, TX 75098 (the "Property").

3.  On 4/4/2011, Plaintiff and Teresa L. Wigington filed their chapter 13 case, Case No. 11-41092 which was later converted to a chapter 11 case on 4/12/2012 (the "Prior Chapter 11 Case"). An order discharging both Plaintiff and Teresa L. Wigington was entered on 12/15/2017.

4.  On 10/2/2018, Plaintiff filed his chapter 13 case, Case Number 18- 42230 (the "Current Case"). Carey D. Ebert is the duly appointed and acting trustee. In the Current Case, Plaintiff filed a chapter 13 plan on 11/5/2018 (Docket No. 15) and such plan was confirmed by order entered on 4/22/2019 (Docket No. 30). In the Current Case, defendant Nationstar Mortgage, LLC dba Mr. Cooper (referred to herein as "Nationstar") filed a Proof of Claim No. 4-1 on 11/7/2018 asserting a total secured claim of $134,203.89 with a pre-petition arrearage of $50,289.16 (the "Proof of Claim").

5.  Plaintiff initiated the within adversary proceeding by filing an Original Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint against Nationstar on 8/23/2019 (the "Original Complaint"). SPS took over the servicing of the Mortgage Loan from Nationstar on 10/1/2019 and filed a Notice of Transfer of Claim as to the Proof of Claim on 10/23/2019 in the Current Case (Docket No. 41).

6.  On 1/6/2020, Plaintiff filed his First Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint in this adversary proceeding (Docket No. 21) (the "First Amended Complaint") to finally added SPS as a defendant despite the Court's prior Order Granting Nationstar's Motion for More Definite Statement (Docket No. 16) (the "Prior Order for More Definite Statement") which directed Plaintiff to amend such complaint by 11/26/2019.  The First Amended Complaint spanned 160 pages and included 927 numbered paragraphs and 86 numbered exhibits.

7. On 3/30/2020 and 4/29/2020, SPS and Nationstar filed their respective motions to dismiss the First Amended Complaint (Docket Nos. 34 and 49) (the "Prior Motions to Dismiss"). On 4/21/2020 and 6/1/2020, Plaintiff filed his objections to the SPS and Nationstar motions to dismiss (Docket Nos. 45 and 62).

8. On 8/10/2020, after a lengthy hearing, this Court entered its Memorandum Opinion at Docket No. 65 whereby it ordered that each of the Prior Motions to Dismiss were granted and "that each and every cause of action seeking affirmative relief and damages, and each and every cause of action seeking lien avoidance or release, in Plaintiff's First Amended Complaint be dismissed" pursuant to FRCP 12(b)(6) . Further, this Court ordered that by 8/24/2020, Plaintiff shall file an amended objection to Proof of Claim *setting forth any objections to the calculation of the amount of the claim*.

9. On 8/13/2020, the Court held a Management Conference at which time Plaintiff agreed to certain deadlines in this adversary proceeding. Accordingly, the Court entered a Scheduling Order (Docket Number 67) setting a discovery deadline of 11/30/2020, dispositive motion deadline of 12/21/2020 and trial setting telephonic conference for 1/7/2021 at 9:29 a.m.

10. On 8/24/2020, Plaintiff filed a Motion to Amend or Alter Judgment and Motion for Extension of Time to File Amended Objection of Claim (Docket Nos. 69 and 79) rather than an amended objection to Proof of Claim. On 9/14/2020, after a hearing was held on Plaintiff's motions, the Court entered its Amended Judgment (Docket No. 75) which extended Plaintiff's deadline to 9/15/2020 to file an amended objection to claim *as to calculation of the amount* and allowed Plaintiff to *further amend its complaint against Nationstar* for causes of action limited to allegations regarding noticing acceleration, noticing foreclosure sales or appointing or noticing appointment of substitute trustees in violation of the note or deed of trust or applicable law. In all other respects, the Memorandum Opinion remains unaltered.

11. On 9/15/2020, Plaintiff filed his Second Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint at Docket No. 76 (the "Second Amended Complaint") which incorporated by reference his entire First Amended Complaint and exhibits therein. In doing so, Plaintiff failed to comply with the Court's Memorandum Opinion and Amended Judgment.

12. On 10/15/2020, SPS and Nationstar filed their motions to dismiss at Docket Numbers 79 and 80 respectively and Nationstar also filed its motion for more definite statement at Docket Number 81 as to the Second Amended Complaint. The Court scheduled a hearing on these motions for 12/1/2020.

13. Plaintiff served discovery requests on counsel for SPS by attaching them to an email date-stamped Sunday, 11/1/2020 without SPS's counsel's consent. On 11/28/2020, SPS mail served its responses to Plaintiff's discovery requests whereby it objected to Plaintiff's discovery requests as untimely and improperly served.

14. On 11/30/2020, more than 3 weeks after the deadline to object under Local Bankruptcy Rule 9007(a) and one day prior to the hearing, Plaintiff filed his objections to the motions to dismiss filed by SPS and Nationstar at Docket Numbers 88 and 89 respectively and objection to Nationstar's motion for more definite statement at Docket Number 90. On 11/30/2020, Plaintiff also filed his Motion to Extend at Docket Number 84 ("Motion to Extend") seeking to modify the Scheduling Order by extending the 11/30/2020 discovery deadline to 2/28/2021 and the 12/21/2020 dispositive motion deadline to 3/22/2021 or alternatively by extending the discovery and dispositive motion deadlines to allow Plaintiff to cure any defects found in the service of propounded discovery. SPS filed its objection to the Motion to Extend on 12/21/2020 and a hearing is scheduled on the said motion on 1/7/2021.

15. On 12/11/2020, after hearing the motions to dismiss filed by SPS and Nationstar

and the motion for more definite statement filed by Nationstar, the Court entered its Order at Docket Number 91 dismissing the Second Amended Complaint without prejudice to amendment. The Order directs Plaintiff to file a third amended complaint by 12/15/2020 limited to and consistent with the Memorandum Opinion and Amended Judgment.  The Order states that the Court may dismiss the adversary proceeding if it finds that the third amended complaint is inconsistent with the Memorandum Opinion and Amended Judgment.

16.    On 12/15/2020, Plaintiff filed the Third Amended Complaint which spans approximately 77 pages and refers to certain exhibits previously filed in support of prior complaints. As with prior complaints, the Third Amended Complaint is confusing and contradictory.  In his prayer for relief, Plaintiff requests not only a disallowance of the Proof of Claim as legally unenforceable debt but also an allowance of the said claim in a reduced amount.  Further, in his prayer for relief, Plaintiff requests damages and interest, attorney's fees and costs against Nationstar but throughout the Third Amended Complaint, Plaintiff refers to the liability of Defendants which would include SPS. Reference and discussion of such liability is chronicled in the Third Amended Complaint at paragraph numbers 295 and 296 on pages 62 and 63, paragraph numbers 385 through 387 on page 74 and also throughout Section VII. Miscellaneous at paragraph 134 on pages 36 through paragraph number 148 on page 39.

17.    In the Third Amended Complaint, Plaintiff points to what he believes are deficiencies in the Proof of Claim starting at Section VIII. Claims Allowance Process on paragraph 152 on page 39 through paragraph 187 on page 47.  The alleged deficiencies, which are exhaustive, include invalid Mortgage Loan documents, an incomplete proof of claim and a claim that fails to comply with Federal Rule of Bankruptcy Procedure 3001 and is therefore not *prima facie* valid.  In paragraphs 159.1 through 159.3 on page 41 of the Third Amended Complaint, Plaintiff complains that certain fees and costs and taxes and insurance escrow advanced are listed

on the itemized statement and escrow statement provided with the Proof of Claim, but that the underlying invoices and documents are not provided. Plaintiff also complains that copies of unredacted documents need to be provided.

18.  The Third Amended Complaint contains the Section O. Calculation of Proper Amount of Claim starting at paragraph 234 at page 53 through paragraph 246 at page 54 and Exhibits 2A and 4A which are Plaintiff's own accounting. The accounting is confusing and not supported and appears to contradict other assertions in the Third Amended Complaint. Plaintiff provides in paragraphs 243 through 246 on page 54 a comparison of the Proof of Claim total debt of $134,203.89 and pre-petition arrearage of $50,289.16 with what the Plaintiff calculates as total debt of $115,237.03 and pre-petition arrearage of $46,849.14. On paragraphs 238 and 239 on page 53, Plaintiff states he does not dispute the amounts claimed for "Escrow deficiency for funds advanced" of $7,157.81 or the "Projected escrow shortage" of $8,327.33. However, on paragraph number 159.3 on page 41, Plaintiff complains that the claim should be disallowed as no documents or invoices are provided to support the same "Escrow deficiency for funds advanced."

## II.  ARGUMENTS AND AUTHORITIES

### A.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure, permits a party to file a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must ... raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*,

550 U.S. at 555 (internal citations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do" *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 679. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.s filing the Second Amended*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

B. ADVERSARY PROCEEDING SHOULD BE DISMISSED

The Third Amended Complaint is inconsistent with the Memorandum Opinion and Amended Judgment. First, this Court gave Plaintiff one last opportunity to amend the claim *as to calculation of the amount.* Although there is some discussion in the Third Amended Complaint as to what the Plaintiff believes the calculation of the claim to be, Plaintiff asserts the claim should be disallowed in its entirety due to various deficiencies that have nothing to do with the calculation of the amount of claim.

Further, as with the Second Amended Complaint, Plaintiff in the Third Amended Complaint appears to be adding allegations and claims against SPS inconsistent with the Memorandum Opinion and Amended Judgment. Plaintiff refers and discusses liability of Defendants throughout the Complaint which would include not only Nationstar but also SPS. The Memorandum Opinion and Amended Judgment allows for certain claims to be asserted as against Nationstar not SPS.

C. AMENDMENTS TO OBJECTION TO CLAIM

Pursuant to Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with these rules constitutes *prima facie* evidence of the validity of the amount of the claim. Therefore, Plaintiff bears the initial burden when objecting to the proof of claim.

Plaintiff complains that the Proof of Claim is deficient as it does not comply with Rule 3001. However, the Proof of Claim provides not only the Loan Documents but also the additional requirements of itemized statement and escrow account as required by the rule. And as noted, Plaintiff does not dispute the amounts claimed for "Escrow deficiency for funds advanced" of $7,157.81 or the "Projected escrow shortage" of $8,327.33.

Plaintiff disputes the principal balance of $113,195.77 and the interest accrued of $10,407.29 which are listed on the Proof of Claim filed by Nationstar in the Current Case. Plaintiff believes the principal balance should instead be $98,992.72 and the accrued interest

through the Petition Date in the Current Case should be $9,086.50. As support, Plaintiff produces his own amortization schedule at Exhibit 2A based on an unpaid principal balance of $158,872.03 at 5% contractual interest rate and the application of all payments made through the 12/1/2016 payment. In the Second Amended Complaint, Plaintiff stated the principal balance of $158,872.03 is established in Proof of Claim Number 28-1 which was the claim filed by Citimortgage in the Prior Chapter 11 Case. SPS then pointed out in its prior motion to dismiss that Proof of Claim Number 28-1 lists a principal balance of $167,453.92. Therefore, it was unclear how Plaintiff arrived at this calculations for the principal balance and accrued interest. Plaintiff now states in the Third Amended Complaint that the principal balance of $158,872 used to calculate the true principal balance of $98,992.72 is based on a calculation in paragraph 293. However, paragraph 293 of the Third Amended Complaint does not contain any such calculation but is instead allegations against Nationstar as to its foreclosure.

Plaintiff also disputes all of the fees and costs on the Proof of Claim in the amount of $3,443.02. To the extent these are Nationstar's foreclosure fees and costs and Plaintiff has raised claims against Nationstar in the Third Amended Complaint that may have a bearing on whether such fees may be charged, SPS will defer to Nationstar and join in any objection or dispositive motion filed by Nationstar.

### III. AMENDMENTS TO COMPLAINT

To the extent Plaintiff attempts to further amend his complaint to assert causes of action against Nationstar regarding noticing acceleration, noticing foreclosure sales or appointing or noticing appointment of substitute trustees in violation of the note or deed of trust or applicable law, these are causes of action asserted against Nationstar and therefore, SPS will defer to

Nationstar and join in any objection or dispositive motion filed by Nationstar as to these amendments to the complaint.

### III. PRAYER FOR RELIEF

WHEREFORE based on the foregoing, SPS respectfully request this Court enter an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, as follows:

1. Dismiss this adversary proceeding as the Third Amended Complaint is inconsistent with the Memorandum Opinion and Amended Judgment.

2. Dismiss the Third Amended Complaint as to any and all claims asserted therein against SPS;

3. Allow the Proof of Claim filed by Nationstar and assigned to SPS in full as filed; and

4. For all other relief as the Court deems just and necessary.

Dated: 1/5/2021

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

_/s/ Yoshie Valadez_
Cole Patton SBN 24037247
Yoshie Valadez SBN 24091142
Robert Brandon Hakari SBN 24107552
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-19-21541
ATTORNEYS FOR DEFENDANT SPS

## **CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Third Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; and Complaint and Underlying Adversary Proceeding was electronically served on the parties listed below via CM/ECF on 1/5/2021:

PLAINTIFF/DEBTOR

George Dale Wigington
2451 Elm Grove Rd
Wylie, TX 75098

COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A/ MR. COOPER

H. Gray Burks, IV
Shapiro Schwartz LLP
13105 Northwest Freeway, Suite 1200
Suite 307
Houston, TX 77040

Matthew Durham
McGuireWoods LLP
2000 McKinney Ave
Suite 1400
Dallas, TX 75201

                                                    McCARTHY & HOLTHUS, LLP

                                                    __*/s/ Yoshie Valadez*_____
                                                    Yoshie Valadez
                                                    Atty file no.: TX-19-21541