IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NUMBER: 18-42230 |
| | ) | (Chapter 13) |
| GEORGE DALE WIGINGTON | ) | |
| dba WYLIE INDUSTRIES | ) | |
| dba WYLIE INVESTMENT GROUP | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| GEORGE DALE WIGINGTON, | ) | |
| | ) | ADVERSARY NO. 19-04074 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| d/b/a MR. COOPER and SELECT | ) | |
| PORTFOLIO SERVICING INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NATIONSTAR MORTGAGE LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES (DKT. NO. 108)**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") files this response in opposition to the motion to compel interrogatory responses filed by George Dale Wigington ("Plaintiff") at Dkt. No. 108. Nationstar shows as follows:

**I.
CURRENT PROCEDURAL POSTURE**

1. On December 11, 2020, this Court entered an order permitting Plaintiff to "file a third amended complaint against [Nationstar] with respect to the objection to claim by not later than December 15, 2020, but only to the extent that such an objection is limited to and consistent

with this Court's Memorandum Opinion entered August 10, 2020 (Docket No. 65) and this Court's Amended Judgment entered September 14, 2020 (Docket No. 75)."[1]

2. Plaintiff filed his third amended complaint on December 15, 2020 at Dkt. No. 93. It is the live complaint. Without arguing at this time whether the live complaint complies with the Demceber 11, 2020 order, Nationstar notes that the claims against it are premised on a demand letter it sent to Plaintiff in March 2017, and a notice of acceleartion/notice of foreclosure sale it sent to Plaintiff in July 2017. (3d Am. Compl. pp. 9-12.)

3. Prior to filing the live complaint, Plaintiff propounded on Nationstar his First Set of Interrogatories, doing so by e-mailing the requests to Nationstar's then counsel on October 31, 2020. Plaintiff propounded the interrogatories by e-mail despite not having the consent of Nationstar's then counsel, a requirement of Fed. R. Civ. P. 5(b)(2)(D) (requiring consent in writing to electronic service).

4. Nonetheless, Nationstar's then counsel served responses to Plaintiff's First Set of Interrogatories on November 30, 2020 (responses attached hereto as **Exhibit A**).

5. Those responses are the basis of Plaintiff's motion to compel interrogaory responses.

## II.
## ARGUMENT

A.     **Plaintiff Fails to Meet Prerequisite Requirements.**

When a dispute arises over permissible discovery, Fed. R. Civ. P. 37 governs the resolution of that dispute. Fed. R. Bankr. P. 7037 (incorporating Rule 37 into the Bankruptcy Rules). In general, Rule 37 governs the provision of relief in the form of compelling a party's response and

---

[1] Order on Mr. Cooper's Motion for Partial Dismissal Under Rule 12(b)(6); and Mr. Cooper's Motion for More Definite Statement; and SPS' Motion to Dismiss All Causes of Action Under Rule 12(b)(6) [Docket Nos. 79, 80 & 81]. This order is at Dkt. No. 91.

provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Importantly, Rule 37 requires the moving party to confer, or attempt to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1); *see* Charles Alan Wright, et al., 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed. 1998) (noting that parties must make "[sufficient] efforts to avoid the need for a motion altogether").

To this end, a motion to compel must include a certification of the party's good faith conference or attempt to confer. Fed. R. Civ. P. 37(a)(1); *Trevino v. Caliber Home Loans, Inc. (In re Trevino)*, 564 B.R. 890, 904 (Bank. S.D. Tex. 2017). The certification "should include the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) for the proposition that two-way communication is necessary to meeting the conferment burden).

Here, the Court must deny Plaintiff's motion to compel interrogatory responses because Plaintiff did not put forth a good faith effort to resolve the dispute prior to filing the subject motion to compel. As an initial matter, the certificate of conference contained in the motion to compel fails to meet the standard outlined in *Compass Bank*; namely, it fails to offer the "results of their discussions." Nationstar will take this opportunity to advise the Court of the results.

On January 14, 2020, Plaintiff called Nationstar's counsel (Mr. Durham) to discuss Nationstar's allegedly infirm discovery responses. Mr. Durham asked Plaintiff to communicate with him in writing, doing so for a number of reasons:

(1) As new counsel for Nationstar (entering an appearance on January 4, 2021, Dkt. No. 99), Mr. Durham asked Plaintiff to detail the responses and/or production that Nationstar's prior counsel offered, if any. This way, Mr. Durham could more properly assess the discovery dispute, including conferencing with Nationstar's prior counsel.

(2) In a prior lawsuit filed by Plaintiff against Nationstar, Plaintiff surreptitiously recorded Mr. Durham (*see* 3d Am. Compl., Dkt. No. 93, p. 22), likely doing so in violation of the Texas ethical rules. *See* Tex. Comm. on Professional Ethics, Op. 575 (Nov. 2016) (prohibiting an attorney from making an undisclosed recording of a phone call if it does not "further a legitimate purpose of the lawyer or the client").[2]

As of the date of this response, Mr. Durham has yet to receive the discovery-related email that he requested from Plaintiff. Instead of making an effort to confer in good faith with Nationstar's counsel, Plaintiff immediately resorted to filing the subject motion to compel interrogatory responses. Because the prerequisite requirement of attempting a good faith effort to resolve the discovery dispute is lacking, this Court must deny Plaintiff's motion to compel interrogatory responses.

**B.** **Scope of Discovery.**

Federal Rule of Civil Procedure 26(b)(1) provides "the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added).

---

[2] For the record, Plaintiff nonsuited that case rather than respond to Nationstar's motion for no-evidence summary judgment. *See* Nationstar's No-Evidence Motion for Summary Judgment (July 6, 2018) and Plaintiff's Notice of Nonsuit (July 23, 2018) in *Wigington v. Nationstar Mortgage LLC*, Cause No. DC-17-07681 (14th Judicial District Court, Dallas County, Texas).

In determining whether to grant relief to the moving party, a court has "broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)); *see Smith v. DeTar Hosp. LLC*, No. V-10-83, 2011 WL 6217497, at *1-2 (S.D. Tex. Dec. 4, 2011). Still, the party seeking to compel discovery has the burden of demonstrating that the discovery sought falls within the scope of discovery provided by Rule 26. *Smith*, 2011 WL 6217497, at *2; *see* Fed. R. Civ. P. 26(b)(1) (defining the scope as discovery that is "relevant to any party's claim or defense and is proportional to the needs of the case"). Even if the party carries its burden, Rule 26(b)(2)(C) limits discovery, by its frequency or in its extent, when a determination is made: (1) that the discovery is unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; (2) that the party seeking discovery has had ample opportunity to obtain the information sought; or (3) that the proposed discovery is outside the scope permitted by Rule 26(b)(1). *Smith*, 2011 WL 6217497, at *2; Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Here, Plaintiff's third amended complaint (Dkt. No. 93) makes claims against Nationstar for: (1) violation of the Texas Debt Collection Practices Act ("TDCA"),[3] (2) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (3) breach of contract; (4) negligence and negligence per se; and (5) unreasonable debt collection. (*See generally* 3d Am. Compl., Dkt. No. 93, pp. 54-75.) Plaintiff's interrogatories clearly fall outside of the scope of discovery because they do not relate to the claims alleged in the third amended complaint.

---

[3] Plaintiff incorrectly calls it the "Texas Fair Debt Collection Act." (3d Am. Compl. p. 55.)

1. **Nationstar stands on its objections.**

By way of example, Plaintiff's interrogatories relate to *a foreclosure sale that never occurred*. (*See* **Ex. A**, p. 5, Interrogatory Nos. 6, 8.) In other words, he seeks information about an act that admittedly resulted in no harm. In addition, his interrogatories relate to the mailing of foreclosure-related notices. At times, he seeks hyper-specific information such as "the date and time that the Notice of Default was accepted by the United States Post Office." (**Ex. A**, p. 3, Interrogatory No. 3.) Not only does he ask Nationstar to provide an answer on behalf of a third-party/non-party to this suit, he seeks irrelevant information. Section 51.02(e) of the Texas Property Code states that service of notices under Chapter 51 is complete when the notice is "deposited" in the U.S. Mail, posted pre-paid and addressed to the debtor's last known address. Further, the TDCA expressly permits a collector to "exercise[] or threaten[] to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3). In sum, Nationstar stands on its objections to Plaintiff's interrogatories.

2. **Nationstar provided all this information to Plaintiff in 2018.**

Nationstar further notes that Plaintiff has in his hands the very information he now seeks to compel from Nationstar and that, pursuant to Federal Rule of Civil Procedure Rule 26(b)(2)(C), Plaintiff has had ample opportunity to obtain the information sought.[4] That is because Plaintiff previously sued Nationstar in state court, asserting claims premised on the same March 2017 demand letter and July 2017 notice of acceleartion/notice of foreclosure sale made the basis of this

---

[4] In addition to the information Plaintiff obtained in his prior suit against Nationstar, Plaintiff is already in possession of Claim 4-1, filed on November 7, 2018 in the Plaintiff's bankruptcy case no. 18-42230, plus any amendments, notices of post-petition expenses, or notices of mortgage payment changes filed or not filed to supplement the claim. *See also* Federal Rule of Civil Procedure Rule 33(d)(a) which allows Nationstar to direct Plaintiff to a record in which Plaintiff can obtain the answer to the interrogatory. Claim 4-1 consists of a detailed transaction history, Annual Escrow Account Disclosure Statement, and includes a copy of the contractual Note and Deed of Trust that permits the charge of fees, charges and expense to Plaintiff's account. *See* Proof of Claim 4-1.

suit. *Wigington v. Nationstar Mortgage LLC*, Cause No. DC-17-07681 (14th Judicial District Court, Dallas County, Texas) (Plaintiff, as he does here, asserted violations of the DTPA, violations of the TDCA, and breach of contract; ultimately, in July 2018, Plaintiff non-nonsuited the case rather than respond to a no-evidence motion for summary judgment). In that suit, Nationstar produced:

- the promissory note;

- the deed of trust;

- assignment of the deed of trust from CitiMortgage, Inc. to Nationstar;

- notice of servicing transfer, from CitiMortgage to Nationstar, dated August 29, 2016;

- annual tax and interest statement for tax year 2016;

- demand letter/notice of default dated February 28, 2017;

- notice of foreclosure sale file-stamped June 12, 2017;

- notice of acceleration dated July 10, 2017, with accompanying notice of foreclosure sale;

- United States Postal Service tracking information for numerous demand letters/notices of default and the resulting notices of acceleration; and

- a loan transaction history for August 22, 2016 to May 16, 2018.

In sum—even before he initiated this adversary proceeding—Plaintiff has had in his possession the business records of Nationstar that allow him to ascertain the answers to the proffered interrogatories. *See* Fed. R. Civ. P. 33(d) (allowing an answering party to refer to its own business records when the answer may be derived or ascertained from those records). Instead, Plaintiff chose to make a game of the discovery process, wasting judicial resources in the process. This Court should thus deny Plaintiff's motion to compel interrogatory responses this this additional reason.

## III.
## CONCLUSION

For the reasons stated in the foregoing response in opposition to Plaintiff's motion to compel interrogatory responses, this Court should deny the motion.

Dated: January 29, 2021                                   Respectfully submitted,

/s/ *Matthew D. Durham*
Matthew D. Durham
SBN: 24040226
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(214) 932-6400
(214) 932-6499 (fax)
**ATTORNEY FOR DEFENDANT
NATIONSTAR MORTGAGE
LLC D/B/A MR. COOPER**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, the undersigned served a true and correct coy of the foregoing as follows:

George Dale Wigington
2451 Elm Grove Road
Wylie, Texas 75098
*By email*: dalewig10@verizon.net
*& ECF/CM Delivery*
**Pro Se Plaintiff**

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th Street, Suite 1060
Plano, Texas 75075
*By email*: yvaladez@McCarthyHolthus.com
*& ECF/CM Delivery*
**Attorney for Select Portfolio Servicing Inc.**

      /s/ *Matthew D. Durham*
      Matthew D. Durham