# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-42230 |
| GEORGE DALE WIGINGTON | § | |
| dba WYLIE INDUSTRIES | § | CHAPTER 13 |
| dba WYLIE INVESTMENT GROUP, | § | |
| | § | JUDGE BRENDA T. RHOADES |
| Debtor. | § | |
| | | |
| GEORGE DALE WIGINGTON, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 19-04074 |
| | § | |
| NATIONSTAR MORTGAGE LLC D/B/A | § | |
| MR. COOPER, | § | |
| Defendant | § | |

## MOTION FOR CLARIFICATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

GEORGE DALE WIGINGTON, ("Plaintiff") moves for clarification of the Court's Memorandum Opinion entered August 10, 2020 [DOC 65], Amended Judgment entered September 14, 2020 [DOC 75], Order on Mr. Cooper's Motion for Partial Dismissal Under Rule 12(B)(6); and Mr. Cooper's Motion for More Definite Statement; and SPS' Motion to Dismiss All Causes of Action Under Rule 12(B)(6) entered on December 11, 2020 ("Order on Motion to Dismiss") [DOC 91], and oral ruling stated on the record during the hearing on February 2, 2020 ("Oral Ruling") [the Court's written order is pending.]

### Standard for Motion to Clarify

1.  "[A]any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to

any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). See generally *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (explaining that, while "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" federal courts frequently will "rule[] on a motion for clarification without resort to [Federal Rule of Civil Procedure] standards"). See also *Potter v. District of Columbia*, 382 F. Supp. 2d 35, 42 (D.D.C.2005) (example of such a ruling).

## Argument

2. Plaintiff seeks clarification to expedite resolution of the case, not to delay it. Plaintiff has nothing to gain by including matters that the Court has dismissed or negate, but loses his opportunity to have the matter adjudicated if he removes a matter which the Court has not dismissed or negated. Plaintiff should not have to remove issues from his pleading to avoid the possibility that the Court will dismiss his entire pleadings due to an erroneous, but good faith, construction of the Court's prior order

3. Plaintiff seeks to obtain clarification of the Court's prior rulings to enable him to ensure that his amended pleading is limited to and consistent with the Courts prior rulings.

4. Plaintiff needs no clarification regarding his requests for affirmative relief. The Court clearly dismissed "each and every cause of action seeking affirmative relief and damages, and each and every cause of action seeking lien avoidance or release." [Memorandum Opinion, p. 15]. Subsequently, the Court permitted Plaintiff to "amend his complaint against Nationstar for any causes of action limited to allegations regarding noticing acceleration, noticing foreclosure sales, or appointing or noticing appointment of substitute trustees in violation of the note or deed of trust, or applicable law." [Amended Judgment, p. 2].

5. Plaintiff seeks clarification with regard to his objection to claim, particularly the negative defenses and the affirmative defenses. The Court's Memorandum Opinion and Amended Judgment provide that Plaintiff "may file an amended objection to the proof of claim filed by Nationstar and assigned to SPS that sets forth his objections, if any, to the calculation of the amount set forth in the proof of claim." In its Order on Motion to Dismiss [DOC 91] the Court ordered that "Plaintiff file a third amended complaint against Mr. Cooper with respect to the objection to claim by not later than December 15, 2020, but only to the extent that such an objection is limited to and is consistent with this Court's [prior rulings.] [Order on Motion to Dismiss, p. 2].

6. While no negative defense or affirmative defense was expressly dismissed, and none of the Court's rulings indicate that it was construing the motions to dismiss under Rule 12(b)(6) as motions to strike a defense under Rule 12(f), Plaintiff recognizes that the Court's ordered that any amended complaint to be "limited to and consistent with" the Memorandum Order and the Amended Judgment. Thus, any finding of fact or conclusion of law which conclusively negated a required element of one of Plaintiff's negative or affirmative defenses required Plaintiff to exclude that defense from the amended pleading to comply with the Court's rulings requiring the amended pleading to be limited to and consistent with those rulings.

7. As a result, Plaintiff is noting in his fourth amended pleading that the following affirmative defenses were "dismissed or negated by Court order" in: Affirmative Defense 2 - Avoidance of Pre-Confirmation Security Interests, Affirmative Defense 5 - Novation, Modification, Treatment of Note & Deed of Trust Under Confirmed Bankruptcy Plan, Affirmative Defense 6 – Tender, Affirmative Defense 10 – Laches, Affirmative Defense 11 – Satisfaction, Affirmative Defense 12 - Release and Waiver of Recourse. Plaintiff also removed

from Affirmative Defense 7 - Payment the claim related to the deemed payments and removed from Affirmative Defense 9 – Recoupment the claim related to offset.

8. The following negative or affirmative defenses are undeniably within the scope of the permitted amended pleading: Negative Defense 2 - Calculation of Proper Amount of Claim, Negative Defense 3 - Unauthorized Fees and Expenses, Negative Defense 4 - Misapplication of Payments, and Affirmative Defense 7 – Payment.

9. The nine remaining procedural issues, negative defenses, and affirmative defenses are discussed below. This discussion covers relevant findings of fact and conclusions of law that relate to the matter, but that do not negate the procedural issues, negative defenses, and affirmative defenses in the Plaintiff's opinion.

**Group One**

10. The first group includes the following:

> Procedural Issue 1 - Claim #4 Does Not Have a Presumption of Validity
> Procedural Issue 2 - Requirement for the original note
> Procedural Issue 3 - Specific denial of validity of indorsement signature on note
> Negative Defense 1 - General Denial

11. In its Memorandum Order, the Court stated "Finally, in his objection to the proof of claim filed by Nationstar, Mr. Wigington invokes the "show me the note" theory, challenging the endorsement of the note and demanding the original note. The Fifth Circuit has repeatedly rejected this theory. See, e.g., *Wiggington v. The Bank of N.Y. Mellon*, 488 Fed. Appx. 868 (5th Cir. 2012); *Kiggundu v. MERS*, 469 Fed. App'x 330 (5th Cir. 2012). Furthermore, Mr. Wigington's amended complaint attaches recorded copies of the assignment of deed of trust from CitiMortgage to Nationstar (Exhibit 16) and from Nationstar to SPS (Exhibit 17), and he does not plead any facts to challenge their validity."

12. Plaintiff acknowledges that a duplicate is admissible in most instances to prove the note and that possession of the note, or the wet-ink note, is not required to enable a party to conduct a non-judicial foreclosure.

13. Instead, Plaintiff has raised a genuine question about the original's authenticity and inspection of the original is warranted.

**Group Two**

14. The second group includes the following:

    Affirmative Defense 1 - Discharge in Bankruptcy
    Affirmative Defense 3 - Res Judicata (Claim Preclusion)
    Affirmative Defense 4 – Collateral Estoppel (Issue Preclusion)

15. In its Memorandum Order, the Court stated "Notably, Nationstar was never served with the two key documents that were the predecessors for the discharge order in this case – the Post-Confirmation Report and the Notice of Intent to Enter Discharge – and Nationstar did not receive the discharge order. Due process under the Fifth Amendment of the U.S. Constitution requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections…." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). . . . Nationstar was not served with the Wigingtons' Post-Confirmation Report and, therefore, did not receive proper notice of the Wigington's representations to the Court and was not afforded an opportunity to raise an objection prior to the entry of the discharge order."

16. None of the required elements for these defenses require Plaintiff to prove that Nationstar received proper notice or had the opportunity to object prior to the entry of the discharge order.

17. At most, these findings support some of the required elements for a Rule 60(b)(4) motion. A motion that neither Nationstar nor SPS has filed.

18. In addition, the estoppel defenses in regard to the confirmation order and claim allowance in the prior case does not seem to be in dispute. Nationstar has pled the same with regard to the confirmation order, and SPS has only disputed the amount of the claim established by the proof of claim in the prior case.

**Group Three**

19. The third group includes the following:

> Affirmative Defense 8 - Prior Material Breach
> Affirmative Defense 9 - Recoupment

20. The Prior Material Breach defense is raised as an alternative avenue to dispute the fees, expenses, and the interest accrued thereon identified in Negative Defense 3 - Unauthorized Fees and Expenses and Negative Defense 4 - Misapplication of Payments.

21. The Recoupment defense is raised to contest fees, expenses, and the interest accrued that was charged and accrued and improperly deducted by Citimortgage and Nationstar. The defense is only raised to the extent of the fees, expenses, and interest actually deducted from Plaintiff's payments.

**General**

22. It might be argued that the phrase "objections, if any, to the calculation of the amount set forth in the proof of claim." dismisses or negates one or more of the nine issues, negative defenses, or affirmative defenses without any additional finding of fact or conclusion of law.

23. That language could potentially be construed as eliminating any matter which totally reduces the claim to zero because the objection could be considered one in which the allowance of the claim is in dispute, as opposed to only the amount of the claim.

24. Indeed, the federal rules of procedure do not even require the Court to issue findings of fact or conclusions of law for a Rule 12 motion.

25. However, Plaintiff does not construe that language in such a manner as to make material distinctions in the scope of the permitted amending pleadings and fair notice requires a less ambiguous notice that certain issues, negative defenses, and affirmative defenses were not to be included in the amended pleading.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED** Plaintiff respectfully prays that this Court:

(A) Identify which, if any of issues, negative defenses, or affirmative defenses identified in ¶¶ 11, 13, 17, or 22 that have been dismissed or negated by the Court,

(B) Permit Plaintiff to file an amended pleading to remove any such matter from his live pleading within two days, or in the alternative, strike the issues, negative defenses, or affirmative defenses from his live pleading pursuant to Rule 12(f), and

(C) Grant Plaintiff such other relief, in equity or at law, to which he may show himself justly entitled.

Respectfully submitted,

/s/ George Dale Wigington
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021 a true and correct copy of the foregoing was served on the following by first class mail or CM/ECF:

/s/ George Dale Wigington
George Dale Wigington

Matthew D. Durham
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
*By email: mdurham@mcguirewoods.com*
***Attorney for Nationstar Mortgage, LLC***

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th St., Suite 1060
Plano, TX 75075
*By email:* yvaladez@McCarthyHolthus.com
*& ECF/CM Delivery*
***Attorney for Select Portfolio Servicing, Inc.***

H. Gray Burks, IV
ShapiroSwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
*By email: gburks@logs.com*
*& ECF/CM Delivery*
***Attorney for Nationstar Mortgage, LLC***