IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NUMBER: 18-42230 |
| GEORGE DALE WIGINGTON § | (Chapter 13) |
| dba WYLIE INDUSTRIES § | |
| dba WYLIE INVESTMENT GROUP, § | |
| § | |
| Debtor. § | |
| _____ § | |
| GEORGE DALE WIGINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | ADVERSARY NO. 19-4074 |
| § | |
| NATIONSTAR MORTGAGE LLC § | |
| d/b/a MR. COOPER and SELECT § | |
| PORTFOLIO SERVICING, INC., § | |
| § | |
| Defendants. § | |

## ORDER REGARDING SPS'S MOTION TO DISIMSS

On February 2, 2020, this Court conducted a hearing on a Motion to Dismiss filed by the Defendant Select Portfolio Servicing, Inc. (Docket No. 101) and the response filed by the Debtor George Dale Wigington (Docket No. 114). This is the fourth such hearing in this proceeding. Significantly, Mr. Wigington is a licensed attorney who has appeared before this Court to represent clients in other bankruptcy cases, and he is representing himself in this adversary proceeding.

### PROCEDURAL BACKGROUND

In summary, Mr. Wigington filed the underlying bankruptcy case on October 2, 2018, to stay a foreclosure sale of his home. He initiated this adversary proceeding by filing an "Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint" on August 23, 2019. In his 28-page complaint, which incorporated 117 pages of attachments, Mr. Wigington asserted numerous claims for affirmative

1

relief against his mortgage holder, Nationstar Mortgage, LLC d/b/a Mr. Cooper ("**Nationstar**"), and he objected to the allowance of Nationstar's proof of claim in his bankruptcy case. His claims against Nationstar, and his objections to Nationstar's proof of claim, appeared to stem from the confirmation of a reorganization plan in a prior Chapter 11 case filed by Mr. Wigington and his wife (Case No. 11-41092).

Nationstar moved to dismiss Mr. Wigington's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, filed a motion for a more definite statement pursuant to Federal Rule 12(e). After a hearing on November 5, 2019, this Court granted Nationstar's motion for a more definite statement and allowed Mr. Wigington to file an amended complaint. A few days prior to the hearing, on October 23, 2019, Select Portfolio Servicing, Inc. ("**SPS**") filed a notice that Nationstar had transferred its claim to it.

Mr. Wigington filed a "First Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien: and Complaint" on January 6, 2020 against Nationstar and its assignee, SPS. His amended complaint was 160 pages long and attached 663 pages of exhibits. His amended complaint was difficult to understand due to its length and its failure to list specific counts identifying the legal theories, statutes, or rules upon which he was relying to seek relief. He appeared to assert as many as fifteen claims for affirmative relief, including claims for violations of the discharge injunction, the automatic stay, the Texas Deceptive Trade Practices Act, and the Fair Debt Collection Practices Act. Mr. Wigington's claims for affirmative relief appeared to rely on two common, conclusory arguments: (1) entry of the discharge order in the prior Chapter 11 case had the effect of discharging, satisfying, or voiding the deed of trust on Mr. Wigington's home; and (2) checks (and wire transfers) sent to the wrong servicer, CitiMortgage, at an old payment address, constituted payments even

though they were not cashed nor delivered to the correct servicer, Nationstar, at the correct payment address, and even though the checks (and wire transfers) were returned to Mr. Wigington.

Nationstar and SPS filed motions to dismiss Mr. Wigington's amended complaint pursuant to Federal Rule 12(b)(6).  After a hearing on June 16, 2020, the Court entered a Memorandum Opinion that dismissed all Mr. Wigington's claims for affirmative relief against Nationstar and SPS to the extent the Court could discern those claims.  However, the Court's Memorandum Opinion allowed Mr. Wigington to file a second amended complaint setting forth his objections, if any, to the calculation of the amount of the claim filed by Nationstar and assigned to SPS in his current bankruptcy case.

On September 14, 2020, Mr. Wigington moved the Court to reconsider its Memorandum Opinion, arguing that not all his claims for affirmative relief were based on his discharge and "deemed payment" arguments, which this Court had rejected.  Mr. Wigington argued that he also intended to assert claims for wrongful acceleration or wrongful foreclosure based on insufficient notice, among other things.  After a hearing on September 8, 2020, this Court amended its Memorandum Opinion to allow Mr. Wigington to clarify his adversary complaint by including claims against Nationstar relating to noticing.

Mr. Wigington filed his "Second Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint" on September 15, 2020.  The nine-page, second amended complaint purported to amend and add paragraphs to his previously amended, 160-page complaint.  The second amended complaint, however, failed to rectify the problems with the amended complaint, including Mr. Wigington's failure to identify specific claims and causes of action against Nationstar and SPS and the factual allegations supporting each of those claims.  Nationstar and SPS filed motions to dismiss

3

Mr. Wiginton's second amended objection pursuant to Federal Rule 12(b)(6), and, in the alternative, Nationstar filed a motion for more definite statement under Federal Rule 12(e).  After a contested hearing on December 1, 2020, the Court entered an order granting the dismissal.  However, the Court allowed Mr. Wigington another opportunity to amend his complaint to comply with the Court's prior Memorandum Opinion, as amended, that dismissed the bulk of his claims for affirmative relief against Nationstar and SPS.

Mr. Wigington filed his "Third Amended Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien: and Complaint" on December 15, 2020.  His third amended complaint is 81 pages long and references exhibits attached to prior versions of the complaint.  Mr. Wigington's third amended complaint, like its prior versions, is difficult to decipher and does not clearly or logically delineate his claims, which is typically done through listing multiple counts in a complaint of this length.  SPS filed a motion to dismiss the third amended complaint pursuant to Federal Rule 12(b)(6), and the Court scheduled a hearing for February 2, 2021.

## ANALYSIS

Federal Rule 8(a)(2), applicable to adversary proceedings through Bankruptcy Rule 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As this Court explained in its prior Memorandum Opinion entered on August 10, 2020, to withstand dismissal under Federal Rule 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The allegations must "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citations omitted).  "[A] formulaic recitation of the elements of a cause of action will not

do." *Id.; see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted).

Here, Mr. Wigington has failed to cure the defects of his original complaint. His third amended complaint is too garbled to give SPS and Nationstar fair notice of the allegations against them, and it is too long and confusing to satisfy the "short and plain" requirements of Federal Rule 8. *See Sayman v. Richey*, 2015 WL 792051, at *3 (W.D.N.C. Feb. 25, 2015), *aff'd sub nom. Sayman v. Goddard & Peterson, PLLC*, 606 F. App'x 101 (4th Cir. 2015) (granting motion to dismiss); *Joshi v. Morales L. Grp., P.A.*, 2015 WL 12781034, at *2 (S.D. Fla. Jan. 15, 2015) (allowing repleader).

At the February 2nd hearing, Mr. Wigington admitted that his third amended complaint contains many of the same claims and causes of action this Court previously dismissed pursuant to Federal Rule 12(b)(6). His third amended complaint seeks total disallowance of the proof of claim based on alleged deficiencies that have nothing to do with the calculation of the amount of the claim, noticing acceleration, noticing foreclosure sales, or appointing or noticing appointment of substitute trustees. Mr. Wigington explained at the hearing that he understood he could restate all his claims in his third amended complaint so long as he did not directly contradict this Court's prior findings and conclusions in its Memorandum Opinion. However, the Court's prior Memorandum Opinion granted *dismissal* of the bulk of Mr. Wigington's claims under Federal Rule 12(b)(6), and this Court's Memorandum Opinion, as amended, expressly detailed the narrow issues he would be permitted to replead.

Mr. Wigington's third amended complaint is an improper attempt to re-litigate issues decided by the Court in its prior rulings. His third amended complaint includes what he now describes as "affirmative defenses" that are contrary to and inconsistent with the ruling made by the Court in its Memorandum Opinion, as amended. Such "affirmative defenses" are barred by the law of the case doctrine. This doctrine dictates that "when a court decides upon a rule of law, that

5

decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). This rule is intended to promote the "finality and efficiency of the judicial process by 'protecting against the agitation of settled issues,' " *id.* at 816.

At the hearing on February 2, 2021, when the Court inquired, Mr. Wigington was unable to articulate his objection to the proof of claim at issue or any of the claims he is asserting against Nationstar relating to noticing or wrongful foreclosure. The Court allowed Mr. Wigington a final opportunity to amend his complaint for the purpose of clarifying his objection the allowance of the claim filed by Nationstar and any claims he intends to assert against Nationstar relating to noticing. The Court instructed Mr. Wigington, on the record, to file another amended complaint within 14 days of the hearing. Accordingly, on consideration of the pleadings and oral argument of Mr. Wigington and counsel for SPS, it is

**ORDERED** that as to those claims and objections that have not be dismissed by this Court's August 10th Memorandum Opinion, as amended, Mr. Wigington shall have until February 17, 2021 to file a plain and simple statement that complies with Federal Rule 8 which includes an enumeration of the causes of action and a brief factual and legal basis underpinning each cause of action consistent with Federal Rule 8; and it is further

**ORDERED** that SPS and Nationstar may file a response to any amended complaint within 30 days after it is filed.

Signed on 4/5/2021

_Brenda T. Rhoades_    MD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE