# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-42230 |
| **GEORGE DALE WIGINGTON** | § | |
| **dba WYLIE INDUSTRIES** | § | CHAPTER 13 |
| **dba WYLIE INVESTMENT GROUP,** | § | |
| | § | JUDGE BRENDA T. RHOADES |
| Debtor. | § | |

## MOTION TO ALTER OR AMEND ORDER

TO THE HONORABLE BRENDA T. RHOADES,

COMES NOW GEORGE DALE WIGINGTON ("Debtor"), debtor in the above-styled and numbered cause and files this Motion to Alter or Amend Order related to the Court's Memorandum Opinion and Order entered on May 25, 2021 (DOC 62).

### 21-DAY NEGATIVE NOTICE – LBR 9007(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

## BACKGROUND

1. Debtor filed a petition for relief under chapter 13 on October 2, 2018.

2. Debtor filed his proposed plan on November 5, 2018.

3. The confirmation hearing on the proposed plan is set for March 20, 2019.

## RELIEF UNDER BANKRUPTCY RULE 9023

4. Bankruptcy Rule 9023 incorporates, with modifications, Federal Rule of Civil Procedure ("F.R.C.P.") 59 into bankruptcy proceedings. Under Rule 59, a district court may grant—on grounds stated in a motion or on grounds not stated in a motion—a new trial, or alter or amend a judgment after a nonjury trial. This relief may be granted when (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See, e.g., Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir.2003); Russ v. Int'l Paper Co., 943 F.2d 589, 593 (5th Cir.1991).

5. Here, there is the need to correct a clear error of law or fact or to prevent a manifest injustice as detailed below.

## RELIEF UNDER BANKRUPTCY RULE 9024

6. Bankruptcy Rule 9024 incorporates, with modifications, Federal Rule of Civil Procedure ("F.R.C.P.") 60 into bankruptcy proceedings. Under Rule 60(b)(1), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Greater leniency should be exercised in finding excusable neglect where failure to grant a motion for relief would result in a default judgment. *McKenzie v. Principi*, 83 Fed.Appx. 642, 644 (5th Cir. 2003) (per curiam).

## ARGUMENT

7.  In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), the Fifth Circuit examines the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).

<u>Willful Default</u>

8.  The Court found that Debtor was negligent in failing to appear for the hearing (Memorandum Order, p. 7) which negates any willful default in appearing.

<u>Meritorious Defense</u>

9.  The Court made no finding that Debtor failed to present a meritorious defense.

10. Debtor's initial Rule 60(b)(1) motion and his argument at trial provided a meritorious defense based on estoppel. Both the Trustee and Nationstar withdrew their objections to confirmation and agreed to the confirmation order.  The confirmed plan provided for treatment of the claim based on the amounts in the filed plan and provided that an amended plan would be filed after conclusion of the claim objection. Either party could have requested a limitation or enforcement method related to the modification but neither did.  They cannot now attempt to relitigate the issue and required a plan modification based on the Trustee's motion to dismiss. The confirmed plan provided for determination of the issue in the claim objection proceeding, not via the TRCC.

11. The Trustee's Motion to Dismiss urges dismissal on two grounds. First, "The failure of the Debtor to cure the infeasibility of the Plan constitutes an unreasonable delay by the Debtor that is prejudicial to creditors under 11 USC §1307(c)(1)." ("unreasonable delay by the debtor that is prejudicial to creditors.") (Trustee Motion to Dismiss, DOC 46, p. 2.) Second, the "failure

of the Debtor to cure the underfunding of the Plan constitutes additional cause for dismissal pursuant to 11 USC §1307(c)(6). ("material default by the debtor with respect to a term of a confirmed plan").

12. The Trustee's Report for Confirmation ("Confirmation Report") objected to confirmation on the ground that "The Plan has not been proposed in good faith as it (A) fails to require direct mortgage payments in §3.1. (B) fails to list mortgage arrears in §3.2. (C) is underfunded, failing to provide for the mortgage proof of claim. (TRCC, DOC 17, p. 3.)

13. Nationstar's Objection to Confirmation stated that "Secured Creditor's Proof of Claim (Claim No. 4-1) filed on November 7, 2018, reflects its secured claim of $134,203.89, which includes $50,289.16 in pre-petition arrears" and that "Debtor's Chapter 13 Plan (Docket No. 15) filed on November 5, 2018, includes total claim amount of $34,056.17.

14. The Plan (DOC 15, p. 3.) provided for the mortgage claim as follows:

   a. Total Claim Amount: $34,056.17

   b. Collateral Value: $ 391,380.00

   c. Equal Monthly Payment by Trustee: $642.68

   d. Projected Total Payment by Trustee: $38,560.80.

15. The Confirmation Order (DOC 30, p. 3) provides:

   With regard to Nationstar Mortgage LLC d/b/a Mr. Cooper:
   1. Confirmation of this plan shall determine the following:
      a. The "Plan Interest Rate" is 5.00%.
      b. The value of the property (2451 Elm Grove Road, Wylie TX 75098) is $391,380.00 as of the petition date and the confirmation date of this plan.
   2. The Plan, and confirmation of the Plan, shall not determine or establish—and shall not be used to bar litigation of:
      a. The amount of the claim,
      b. The liability of either Debtor, Nationstar Mortgage, LLC, or any other person for any claim or counterclaim associated, or related to, the proof of claim, the debt, the collection of the debt related to

        the claim (included foreclosures and foreclosure attempts),
    c. The "Equal Monthly Payment by Trustee", and
    d. The "Projected Total Payment by Trustee".
  3. Issues not determined by the Plan, or the confirmation of the Plan, shall be determined by either:
    a. The proof of claim if no objection is timely filed,
    b. The contested or adversary proceeding in which any objection, claim, or counterclaim is adjudicated.
  4.  Within 15 days of a final judgment (in the proceeding on any objection, claim, or counterclaim) that is not appealed, or the last date to timely file an objection to Nationstar Mortgage, LLC's proof of claim, Debtor shall file an amended plan, if necessary, to incorporate the terms of the final judgement.
  5. Debtor reserves the right to include in his amended plan either the full amount of the debt or the arrearage portion of the debtor.

Prejudice to Non-Movant

16.  The Court erred in its analysis of prejudice to non-movant.

17.  The Memorandum Order referred to Debtor's knowledge of the dismissal order after 14 days and that Debtor waited another week to file his motion.

18.  A Rule 60(b) motion must be filed within one year and within a reasonable time. The motion here was filed within 21 days, hardly unreasonable.  Failure to timely file a Rule 59 motion does not preclude a Rule 60(b) motion.

19.  The Court identified delays in the adversary proceeding as prejudicial, but the appropriate consideration for the Rule 60(b) motion was the delay in filing the Rule 60(b) motion.

20.  Consideration of the adversary proceeding delays could be grounds for SPS to file an amended plan.

21.  In addition, neither SPS nor Nationstar presented any allegation of prejudice other than a simple time delay. Neither presented any allegations that the delay actually prejudiced their case. (In the present case Hibernia alleges no prejudice except that which may result from further delay in collecting its judgment. However, the mere possibility of prejudice from delay, which is

inherent in every case, is insufficient to require denial of a 60(b)(1) motion. *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) citing *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983) (In the present case there is no claim that United will be prejudiced from reopening the judgment. Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment.) Additionally, Debtor noted that the plan payments were current as of the dismissal and that they exceeded the interest accrual on the claim and that taxes and insurance were being paid under the plan directly. These support Debtor's allegation that the delay was not prejudicial because SPS was adequately protected and was adequately protected.)

<u>Excusable Neglect</u>

22.    The Court should have "weighed a number of factors in determining excusable neglect including (1) the danger of prejudice to the [non-movant], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

23.    While Pioneer guides an analysis of "excusable neglect" within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that "'inadvertent mistake'[,] ⋯ [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief…. In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying

relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."

24.     Debtor's negligence was that the hearing was deleted from his calendar. Debtor stated that this was the first hearing missed in three years.

25.     Debtor's error was a computer error not involving ignorance of the rules or ignorance of the law. The fact that debtor has not missed a hearing in three years established his lack of gross carelessness in calendaring hearings.

<u>Prejudice to Debtor</u>

The memorand order states "the Debtor will not be prejudiced by dismissal as he can continue his litigation against SPS and Nationstar in an appropriate nonbankruptcy forum." However the order dismissing the adversary proceeding did not specify that it was without prejudice precludes debtor from pursing those claims.

## PRAYER

**WHEREFORE**, Respondent prays that the Court grant this Motion and amend or alter the Court's Memorandum Opinion and Order entered on May 25, 2021 (DOC 62) and grant general relief and all other relief as may be just and proper in the premises.


Respectfully submitted,


Dated: <u>May 26, 2021</u>

                                                          /s/ George Dale Wigington_
                                                          George Dale Wigington
                                                          Pro Se
                                                          State Bar No.: 24091665

Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or through the court's CM/ECF electronic mail (Email) system on the date below.

Date:  May 26, 2021                                                    /s/ George Dale Wigington
                                                                        George Dale Wigington


Carey D. Ebert on behalf of Trustee Carey D. Ebert, *ECFch13plano@ch13plano.com*
Carey D. Ebert, *ECFch13plano@ch13plano.com*
Chad Timmons on behalf of Creditor Collin County Tax Assessor Collector,
    *ctimmons@abernathy-law.com*
Eboney Cobb on behalf of Creditor Wylie ISD *ecobb@pbfcm.com, ecobb@ecf.inforuptcy.com*
Grant M. Tabor on behalf of Creditor Select Portfolio Servicing, Inc. *txbkeastern@logs.com,*
    *gtabor@logs.com*
H. Gray Burks, IV on behalf of Defendant Select Portfolio Servicing, Inc. *gburks@logs.com,*
    *nibates@logs.com*
H. Gray Burks, IV on behalf of Defendant NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *gburks@logs.com, nibates@logs.com*
Kim Moses Linden on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *klinden@rascrane.com, lojha@rascrane.com*
Kirk A. Schwartz on behalf of Creditor Select Portfolio Servicing, Inc. *kschwartz@logs.com,*
    *txbkeastern@logs.com*
Kirk A. Schwartz on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *kschwartz@logs.com, txbkeastern@logs.com*
Lauren W. Ojha on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
    *lojha@rascrane.com*
Lauren W. Ojha on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *lojha@rascrane.com*
Matthew Durham on behalf of Defendant NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *mdurham@mcguirewoods.com*
Melissa L. Palo on behalf of Creditor City of Wylie *lisa.cockrell@lgbs.com,*
    *Julie.wilson@lgbs.com*
Melissa L. Palo on behalf of Creditor Dallas County *lisa.cockrell@lgbs.com,*
    *Julie.wilson@lgbs.com*
Shelly K. Terrill on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *Shelly.Terrill@Padgettlawgroup.com, Shelly.Terrill@hotmail.com*
Shelly K. Terrill on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *Shelly.Terrill@Padgettlawgroup.com, Shelly.Terrill@hotmail.com*

US Trustee *USTPRegion06.TY.ECF@USDOJ.GOV*
Yoshie Valadez on behalf of Defendant Select Portfolio Servicing, Inc.
    *mhtbkanhsselffilings@mccarthyholthus.com, yvaladez@mccarthyholthus.com*