IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NUMBER: 18-42230 |
| | ) | (Chapter 13) |
| GEORGE DALE WIGINGTON | ) | |
| d/b/a WYLIE INDUSTRIES | ) | |
| d/b/a WYLIE INVESTMENT GROUP | ) | ADVERSARY PROCEEDING NO. |
| | ) | 19-04074 |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| GEORGE DALE WIGINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| d/b/a MR. COOPER and SELECT | ) | |
| PORTFOLIO SERVICING INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATIONSTAR MORTGAGE LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL; MOTION TO ALTER OR AMEND ORDER; AND MOTION TO VACATE ORDER

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") files this response in opposition

to the *Motion for New Trial; Motion to Alter or Amend Order; and Motion to Vacate Order*

("Motion for New Trial") filed by George Dale Wigington ("Plaintiff") in the adversary docket at

Dkt. #137.  Nationstar respectfully shows as follows:

### I.
### STATEMENT OF FACTS

A.  **Bankruptcy Case.**

1.  On October 2, 2018, Plaintiff filed a voluntary petition initiating a Chapter 13 case, Case No.

18-42230 (the "Bankruptcy Case").

Nationstar Mortgage LLC's Response in Opposition to Debtor's Motion for New Trial; Motion to Alter or Amend
Order; and Motion to Vacate Order
Page 1 of 7

2. On November 5, 2018, Plaintiff filed his Chapter 13 Plan. (Dkt. #15, main bankrutcy docket.)

3. On April 22, 2019, this Court confirmed the Chapter 13 Plan. (Dkt. #30, main bankruptcy docket.)

4. On March 27, 2020, the Chapter 13 Trustee filed his *Motion to Dismiss*. (Dkt. #46, main bankruptcy docket.)

5. On April 7, 2021 (after conducting a hearing on the *Motion to Dismiss* at which Plaintiff failed to appear), the Court entered an *Order Dismissing Chapter 13 Case With Retention of Jurisdiction* in the Bankruptcy Case. (Dkt. #52, main bankruptcy docket.)

6. On April 28, 2021, Plaintiff filed his *Motion to Vacate Order Dismissing Case and Reinstate Case* ("Motion to Reinstate") in the Bankruptcy Case. (Dkt. #54, main bankruptcy docket.)

7. On May 10, 2021, Nationstar filed its *Objection to the Motion to Reinstate*. (Dkt. #57, main bankruptcy docket.)

8. On May 11, 2021, defendnat Select Portfolio Servicing, Inc. ("SPS") filed its *Objection to the Motion to Reinstate*. (Dkt. #58, main bankruptcy docket.) SPS currently services the mortgage debt.[1]

9. On May 12, 2021, a telephonic hearing was held on Plaintiff's Motion to Reinstate. Thereat, the Court announced that it would deny Plaintiff's Motion to Reinstate. 9*See* docket entry dated May 12, 2021, main bankrupcy case.0

10. On May 25, 2021, consistent with its oral ruling, the Court entered *a Memorandum Opinion and Order* denying Plaintiff's Motion to Reinstate. ("Memorandum Opinion"; Dkt. #62, main bankruptcy docket.)

---

[1] The mortgage debt was previously serviced by Nationstar. SPS now services the mortgage debt. *See Notice of Transfer of Claim 4-1* from Nationstar to SPS filed October 23, 2019. (Dkt. #41, main bankruptcy case.)

B.      **Adversary Case.**

11. On February 24, 2021, Plaintiff filed his *Fourth Amended Complaint*. (Dkt. #119, adversary docket.)

12. On March 5, 2021, the Court held a hearing at which it extended the deadline to answer or file an appropriate motion as to the *Fourth Amended Complaint* to March 26, 2021. (Dkt. #125, adversary docket.)

13. On March 25, 2021, Nationstar filed its *Motion to Dismiss the Fourth Amended Complaint*. (Dkt. #127, adversary docket.)

14. On May 13, 2021, the Court held a telephonic Case Management Conference at which defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Select Portfolio Servicing, Inc. both appeared through their counsels of record.  Plaintiff failed to appear.  At the conclusion of the Conference, the Court announced that it would dismiss this adversary proceeding in light of (**1**) the dismissal of the underlying Chapter 13 case by the order entered on April 7, 2021 (Dkt. #52, main bankruptcy docket), and (**2**) the Court's oral ruling denying Plaintiff's Motion to Vacate the dismissal of the Bankruptcy Case (*see* docket entry dated May 12, 2021, main bankrupcy case). [The Court's May 13, 2021 ruling is memorialized at the docket entry dated May 13, 2021, adversary proceeding docket.]

15. On May 27, 2021, the Court entered an Order dismissing the adversary proceeding (the "Order"). (Dkt. #136, adversary docket.)

## II.
## ARGUMENT

A.      **Plaintiff Fails to Meet the Requirements for Vacating the Order.**

   Bankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders.  Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b) into practice

under the Bankruptcy Code. Rule 60(b) sets forth six reasons that justify granting relief from a

final judgment or order:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (**1**) mistake, inadvertence, surprise, or excusable neglect; (**2**) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (**3**) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse party; (**4**) the judgment is void; (**5**) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (**6**) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Here, Plaintiff first moves under the mistake, inadvertence, surprise, or excusable neglect

prong pursuant to Rule 60(b)(1). (Motion for New Trial ¶¶ 9-23.) Debtor states that "the Court

made a mistake in conducting a hearing that was not schedule [sic], Debtor (had he appeared)

would have suffered surprise if required to take up the issue when it was not on the docket, and

Debtor's failure to appear is excusable neglect." (Motion for New Trial ¶ 9.) Debtor then states

that he did not attend the hearing on May 25, 2021 because of a "medical emergency" in which he

suffered from an episode of "angioendema" [sic] when his face swelled, causing him to drive to

the emergency room. (Motion for New Trial ¶¶ 11-12.) However, Plaintiff's arguments are

irrelevant as the telephonic conference that he failed to appear at was actually held on May 13,

2021. (The Court's May 13, 2021 ruling is memorialized at the docket entry dated May 13, 2021,

adversary proceeding docket.) As a result, Plaintiff's claims of a subsequent medical episode and

a trip to the emergency room on May 25, 2021 fail to show any mistake, inadvertence, surprise or

excusable negligence by the Plaintiff.

Plaintiff next moves under the judgment-is-void prong pursuant to Rule 60(b)(4), stating that his "due process rights were violated" because he was not provided with notice of the hearing on May 13, 2021 in which the dismissal was discussed.  (Motion for New Trial ¶ 24.)  However, a review of the docket indicates clearly that the hearing on the case was continued until May 13, 2021.[2]  (Docket entry dated March 4, 2021, adversary docket; **Exhibit 1**, email notice to all parties.)  Plaintiff also fails to put forth any details in support of why the Court's Order dismissing the adversary proceeding was void. As a result, this Motion for New Trial should be denied.

**B.**     **Plaintiff Fails to Meet the Requirements for a New Trial or Altering or Amending the Order.**

A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.  Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59 into practice under the Bankruptcy Code.  Rule 59(a) states:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of judgment.

Under the express language of Rule 59(a), new trials are only available following either a jury trial (Rule 59(a)(1)(A)) or a nonjury trial (Rule 59(a)(1)(B)).  The Fifth Circuit has also admonished district courts that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly" and is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (citations omitted).

---

[2] Indeed, if a setting was *not* scheduled for May 13, 2021, why did the other parties appear?

There having been no trial in this case, Plaintiff is not entitled to a new trial under Rule 59(a). Plaintiff also fails to provide any evidence on what "clear error of law and manifest injustice are evident" that would support a finding that the Order should be altered or amended. (Motion for New Trial ¶¶ 25-27). In this case, Plaintiff is seeking to disallow the claim of SPS (related to a mortgage loan) against his bankruptcy estate, and Plaintiff seeks to establish affirmative claims for non-bankruptcy relief against Nationstar. The Order is clear that there is no need to determine whether to sustain Plaintiff's objections to the mortgage claim because the underlying bankruptcy is dismissed. Additionally, all of Plaintiff's non-bankruptcy claims could be asserted in a non-bankruptcy forum as they are governed by state law. Moreover, Plaintiff's allegations of unscheduled hearings are untrue, and his claimed medical emergencies are irrelevant to the issues at hand. As a result, this Court should deny Plaintiff's Motion for New Trial.

### III.
### CONCLUSION

For the reasons stated above, the Court should deny Plaintiff's Motion for New Trial. This adversary proceeding should remain dismissed.

Dated: <u>June 15, 2021</u>

Respectfully submitted,

/s/ *Matthew D. Durham*
Matthew D. Durham
SBN: 24040226
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(214) 932-6400
(214) 932-6499 (fax)
**ATTORNEY FOR DEFENDANT
NATIONSTAR MORTGAGE
LLC D/B/A MR. COOPER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>June 15, 2021</u>, the undersigned served a true and correct coy of the

foregoing as follows:

George Dale Wigington
2451 Elm Grove Road
Wylie, Texas 75098
*By email*: dalewig10@verizon.net
*& ECF/CM Delivery*
**Pro Se Debtor**

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th Street, Suite 1060
Plano, Texas 75075
*By email*: yvaladez@McCarthyHolthus.com
*& ECF/CM Delivery*
**Attorney for Select Portfolio Servicing Inc.**

/s/ *Matthew D. Durham*
Matthew D. Durham

Nationstar Mortgage LLC's Response in Opposition to Debtor's Motion for New Trial; Motion to Alter or Amend
Order; and Motion to Vacate Order
Page 7 of 7